STATE OF NEW JERSEY, PLAINTIFF-PETITIONER, v. JOHN KOWALCZYK (ALSO KNOWN AS JOHN KOWAL), DEFENDANT-RESPONDENT.

Argued September 26, 1949—Decided October 24, 1949.

*Mr. Mark Townsend, Jr.,* Deputy Attorney General, argued the cause for the petitioner (*Mr. Theodore Parsons,* Attorney General, attorney).

*Mr. Joseph Tomaselli* argued the cause for the respondent (*Messrs. Malandra & Tomaselli,* attorneys).

The opinion of the court was delivered by

CASE, J. The defendant-respondent Kowalczyk is known also in the proceedings as Kowal and will be so called herein. He was tried and convicted on an indictment in Camden County. On appeal the Appellate Division reversed. The certification is on the petition of the state.

The indictment contained two counts, both of which charged willful false swearing before a Camden County grand jury; the first preliminarily charged Kowal with willfully and falsely swearing that he did not know one Benjamin Anyzcek and could not identify a photograph of him and with willfully and falsely swearing that he did know him and could identify a photograph of him, and the count concluded with the charge that the statements so made under oath were contrary and that one or the other of them, to Kowal's knowledge, was false and "contrary to the form of the statute \* \* \*;" the second followed the same format and charged Kowal with willful false swearing in that he first testified that he did not, and later testified that he did, know the business in which Anyzcek was engaged.

██ Petitioner argues that the Appellate Division erred in holding that the defendant could and did purge himself of the offense of false swearing by correcting his testimony at the same hearing before the grand jury and that the court

further erred in holding that the burden was upon the state to prove which statement was false and in holding that the state had failed to sustain the burden.

*R. S.* 2:157–4, 5 provides:

"4. Any person, his procurers, aiders and abettors, who shall willfully swear falsely in any judicial proceeding, or who shall willfully swear falsely before any person authorized by virtue of any provision of law of this state to administer an oath and acting within his authority, shall be guilty of false swearing.

"5. Where a person has made contrary statements on his oath or oaths administered within the provisions of this article, it shall not be necessary to allege in an indictment or allegation which statement is false but it shall be sufficient to set forth the contradictory statements and allege in the alternative that one or the other is false.

"Proof that both such statements were made under oath duly administered shall be *prima facie* evidence that one or the other is false; and if the jury are satisfied from all the evidence beyond a reasonable doubt that one or the other is false and that such false statement was willful, whether the same was made in any judicial proceeding or before a person authorized to administer an oath and acting within his authority, it shall be sufficient for a conviction."

The indictment charged offenses against that statute. The court below so held, and we concur. It is also evident that the offenses come within the purview of *section 5, supra.*

██ We further agree that the irregularity of the indictment in charging that each of the opposite statements was false does not invalidate the judgment of guilt. The trial went on the accusation that the accused had made specified contradictory statements on oath, contrary to the provisions of the statute, and the statute was read by the judge to the jury by way of instruction. The record discloses no confusion or uncertainty on the trial of the indictment with respect to the particulars of the charge. The defendant, as a witness at his trial, stated that in making the original denials of knowledge, acquaintanceship and recognition he had been confused; but there was no confusion at the trial about what issue was being tried or about where the truth lay. The conceded fact was that he did have knowledge. The indictment, as we have said, sets out a crime—the crime of false swearing under the statute. It charges two offenses against that statute; it was

so intended, so received and so tried out. So far as the record discloses the indictment was not made the subject of attack before trial. Among the grounds stated in support of a motion for judgment of acquittal at the close of the state's case, renewed at the end of the entire case, it was said that the indictment was framed as a double negative, but we discover no prejudice to the defendant in maintaining his defense on the merits. (*Rule* 1:2–19(b).) Furthermore, inasmuch as a crime was charged (*State v. Quinn,* 108 *N. J. L.* 467 (*Sup. Ct.* 1932)), an objection to the indictment for defect of form or substance apparent on the face thereof should have been taken before the jury was sworn. *State v. Callary,* 108 *N. J. L.* 462 (*Sup. Ct.* 1932); affirmed, 110 *N. J. L.* 24 (*E. & A.* 1932).

The petitioner contends that the court below erred in holding that the burden was upon the state to prove which statement was false, and the respondent, accepting the assumption that the court so held, argues the point *contra* on its merits. It is not clear to us that the opinion did .more than to say that such was a former requirement, now removed by the statute; but we think that the meritorious question should be decided. The statute expressly relieved the state from the necessity of alleging, in the indictment, which of the contrary statements was false and provided that proof of the making of both such statements should be *prima facie* evidence that one or the other was false. Whichever was false and whichever was the truth, there was culpability if the jury were satisfied from all of the evidence beyond a reasonable doubt that one of them was false and that the false statement was willful. Here, by the admission of the accused, the first statement was false and the second was the truth. The burden of proving guilt was, of course, upon the state, and a part of that burden was proving that the defendant had sworn falsely, but by the terms of the statute this part of the burden was carried if the proofs were sufficient to satisfy the jury beyond a reasonable doubt that one statement or the other was false. The contrary element in the statements was *prima facie,* but not conclusive, evidence of the falseness. It

is conceivable that the defendant might not have made the statements, or that he might not have made them in such an unequivocally contrary sense that the utterance of one required the immediate negation of the other. The duty rested upon the state to establish the affirmative of those contingencies beyond a reasonable doubt. But it was not incumbent upon the state to prove which of the two statements was the false one. The former Supreme Court twice gave comparable interpretation to the statute. *State v. Ellenstein*, 121 *N. J. L.* 304, 322 (*Sup. Ct.* 1938); *State v. Harris*, 132 *N. J. L.* 54 (*Sup. Ct.* 1944). The trial judge charged the jury consistently with those legal principles and the correctness of the charge is not questioned. The verdict was of guilt. The proofs, with their *prima facie* significance and the admissions by the accused, amply sustain the jury verdict.

■ The Appellate Division erred in stating the rule upon the opportunity of a witness to purge himself of criminal responsibility for false swearing and in applying the asserted rule to the facts of the case. We shall not undertake to establish whether or how great an opening for retreat is available to one who has sworn falsely; but we state our conclusion that the accused, in this case, did not place himself in a position which justified the court, upon the theory that he was entitled to the benefit of such an indulgence, in reversing the jury verdict of guilt. Specifically, we hold that a retraction does not, *ipso facto,* wash out the criminality which exists when a person has willfully sworn falsely in violation of the pertinent statute.

■ Kowal, for more than twenty-eight years a member of the police department of the City of Camden, was a sworn witness before a grand jury which was conducting a special investigation of vice conditions, of gambling and of police inactivities in the county. Benjamin Anyzcek, about whom Kowal was questioned, was a bartender at a gambling establishment owned by one Klosterman. It may be interjected, as showing the direction and the materiality of the inquisition and of the questions addressed to Kowal, that after Kowal had been before the grand jury and had given the testimony

upon which he was indicted but before he was tried under the indictment, both Klosterman and Anyzcek were indicted for maintaining a gambling establishment and entered pleas of guilt. Kowal testified before the grand jury that he did not know Anyzcek, that he could not identify a photograph of him and that he had no knowledge of Anyzcek's business; later he testified that he did know the man, he identified him by his picture and he admitted knowing that Anyzcek tended bar at Klosterman's. But in thus finally telling the truth he did not come forward in a spirit of helpfulness or in a penitent confession of error; on the contrary, the .truth was wrenched from him by the persistent questioning of the prosecutor and by the untenable position in which he was thus placed. It was clear that Kowal did not make an innocent mistake and that he did not tell unintentional falsehoods. Notwithstanding his assertion of confusion his false testimony was, manifestly, not caused by confusion. By his own admission he willfully lied because he did not want to get Anyzcek in trouble. The mood in which he finally, under pressure, told the truth may be gathered from the explosive admission—"Oh, hell, the boy tended bar for Klosterman." Manifestly there was the combination of willfulness, falsity and occasion which constitute the crime of false swearing, and the crime became an accomplished fact immediately on the concurrence of those elements.

 One may not, with impunity, finesse with crime; he may not willfully swear falsely with the hope of making the testimony stand and then, learning that the deception has not succeeded, tell the truth and so rid himself of criminality. Else there would be a nullification, to an extent, of the direct provision of *section* 5 of the statute. Our statutory crime of false swearing is to be distinguished from the crime of perjury. There are distinctions between them in certain material respects (*State v. Ellenstein, supra*) which need not here be detailed further than to emphasize that the statutory offense was designed to free the prosecution from certain technicalities of proof and to overcome the difficulties of obtaining conviction for acts within its purview as well as

to include certain commissions of falsehood under oath not within the classification of perjury. False swearing is a misdemeanor. (*R. S.* 2:157–7.) Perjury is a high misdemeanor. (*R. S.* 2:157–1.) The rationale underlying the statutory enactment against false swearing weighs against maintaining, as to it,—and *a fortiori* against increasing—some of the difficulties incident to obtaining a conviction on an indictment for perjury. Even on an indictment for perjury the United States Supreme Court has held that retraction does not either neutralize false testimony previously given or exculpate the witness of perjury. *United States v. Norris,* 300 *U. S.* 564, 81 *L. Ed.* 808. Respondent cites several decisions in other jurisdictions—not all of them, notably in the State of New York, by courts of last resort—which relate directly or indirectly to the crime of perjury and appear to turn upon some of the technicalities already mentioned and which, therefore, we deem it unnecessary to notice beyond making reference to the learned discussion of them in the *Norris* opinion.

The following are the points argued by the respondent:

First, that the state has no right of appeal from the unanimous judgment of the Appellate Division inasmuch as there is no constitutional question and the case is not a capital one. The answer is that the court granted the state's application that the judgment be certified (*Rule* 1:2–1(d)).

Second, that the Appellate Division did not err in holding that the defendant who immediately corrected a false statement, even under oath, is not guilty of the crime of false swearing; and

Third, that the Appellate Division did not err in holding that the burden was upon the state to prove which statement was false and that it failed to sustain that burden. The matter of both the second and the third points is treated above.

Fourth, that it had been argued before the Appellate Division that the verdict was contrary to the weight of the evidence; and it is intimated that such was acted upon as one of the reasons for reversal. Unless this question was embodied without mention in so much of the opinion below as dwelt upon *locus poenitentiae* we find no basis for the point.

But, assuming the point has enough foundation in the record to justify its presentation, we have sufficiently indicated our view that the jury verdict was sound.

The judgment of the Appellate Division will be reversed.

WACHENFELD, J. (dissenting). I am in accord with so much of the majority opinion which holds that the recantation of a witness after he willfully swore falsely will not exonerate him from the offense committed, but I cannot vote for a reversal because the indictment, in my opinion, is fatally defective and will not sustain a conviction. The majority opinion recites:

"The indictment contained two counts, both of which charged willful false swearing before a Camden County grand jury; the first preliminarily charged Kowal with willfully and falsely swearing that he did not know one Benjamin Anyzcek and could not identify a photograph of him and with willfully and falsely swearing that he did know him and could identify a photograph of him * * *; the second followed the same format and charged Kowal with willful false swearing in that he first testified that he did not, and later testified that he did, know the business in which Anyczek was engaged."

Since one or the other of these statements in each count had to be true, both statements could not be false as specifically alleged in the indictment. Obviously it is impossible for both statements to be false as one is the antithesis of the other and one had to be true in order to make the other false. I cannot, therefore, subscribe to the conclusion of the majority that this is merely an "irregularity," having no effect upon the indictment.

The indictment is supposed to fairly apprise the defendant of the charge made against him, *State v. Gibbs*, 134 *N. J. L.* 366 (*Sup. Ct.* 1946), and where, as here, it charges an impossible state of facts not susceptible of proof under any circumstances, in my opinion it is fatally defective and cannot be the basis of a judgment of guilt.

The indictment was not drawn according to the False Swearing Act, *R. S.* 2:157-4, 5. There it is provided that where contrary statements under oath are made, "it shall not be necessary to allege in an indictment or allegation which

statement is false but it shall be sufficient to set forth the contradictory statements and allege in the alternative that one or the other is false."

The indictment *sub judice* specifically charges each statement as being false and does not, therefore, come within the purview of the statute. What the indictment charged, the State was obligated to prove, which it did not and could not do under the circumstances in this case.

The fact that each count of the indictment concludes with statutory language does not have the effect of curing prior error made therein. As a matter of fact, these concluding allegations contradicting previous statements contained in the indictment make "confusion worse confounded."

Because the indictment, in my opinion, is a nullity, I am to affirm the result reached by the Appellate Division but for the reasons herein stated. Mr. Justice Oliphant authorizes me to say he is in accord with this dissenting opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, BURLING and ACKERSON—5.

*For affirmance*—OLIPHANT and WACHENFELD—2.