PER CURIAM.
Thomas G. Richardson appeals his conviction of the crime of rape, on which he was sentenced to twenty years confinement.
First, the appellant contends the trial court erred by excluding testimony of Dr. Bosch, offered as a witness for the defense. That ruling was proper under Rule 1.210(b) CrPR, 33 F.S.A., for want of compliance therewith relating to advance furnishing of the names of witnesses on the issue of insanity. Moreover, the testimony of the witness, as revealed by a proffer, would have been cumulative in character.
The appellant’s contention that the court improperly restricted cross-examination of the victim is without merit. The record does not support the contention.
Appellant next urges the court erred in denying his motion for mistrial, made when a psychiatrist appointed to examine the defendant regarding his mental condition testified that in the course of the examination the defendant “said he had been picked up for various things but not convicted,” and said that recently, with the aid of a good lawyer, he had beaten a robbery charge. It is not proper for a psychiatrist to repeat at trial the interrogation of the accused taken during his mental examination. To do so may be error. However, the testimony in this case was so overwhelming as to guilt such would be harmless. See § 924.33 Fla.Stat., F.S.A.; Man-kowski v. State, Fla.1955, 83 So.2d 597. The testimony complained of was not so harmful, in this case, that its effect could not have been removed by a request to strike it and for an instruction to the jury to disregard it. The alternative procedure of moving for mistrial was inappropriate, under Morris v. State, 100 Fla. 850, 130 So. 582. In addition the defendant’s mother, in appearing as a defense witness, had testified that defendant had brushes with the law. See Shea v. State, Fla.App.1964, 167 So.2d 796.
The appellant’s fourth contention claiming error in the denial of his motion for mistrial made because of certain remarks of the prosecutor in argument to the jury, is held to be without merit on the authority of Morris v. State, supra. Appellant’s fifth contention, relating again to denial of a motion for mistrial, made because of the introduction of certain testimony, is rejected for the reasons asserted herein-above with respect to appellant’s third contention. The appellant’s sixth contention also concerned the denial by the court of a motion of the defendant for a mistrial. The basis for that motion was that during a recess, while counsel for the defendant was descending in an elevator in the courthouse in which the occupants included one of the jurors and a man and a woman who had been spectators at the trial, one of the latter stated to defendant’s attorney: “Boy, Mr. Carlton, you get the tough ones, you do,” and repeated “You get the rough ones, you do.” Following the recess the defendant’s attorney moved for a mistrial, or in the alternative that the juror be replaced by an alternate juror. There was no request that the juror be examined on voir dire respecting this matter.
The trial court denied the motion, and properly so in our view. Assuming the juror overheard the remarks which may have had some harmful characteristic as implying that the case was close or even that the defendant had a hard case, the error, if any, of the trial court’s ruling thereon, was not in our view such as should have affected the substantial rights of the appellant, *532 upon examination of the record and appeal papers in this case. See § 924.33 Fla.Stat., F.S.A.; Cornelius v. State, Fla.1950, 49 So.2d 332. The appellant’s final contention, challenging the legality of the Mc-Naghten “right or wrong” test of insanity as applied in the case by the trial court, was without merit. See § 924.33 Fla.Stat., F.S.A.; Campbell v. State, Fla.1969, 227 So.2d 873.
No reversible error having been demonstrated, the judgment is affirmed.
Affirmed.