318 So.2d 419 (1975)
James COMER, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1660.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Rehearing Denied September 18, 1975.
*420 Maynard A. Gross, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant appeals a conviction for robbery and sentence to 8 years in the state penitentiary following a jury trial.
Defendant first claims error on the part of the trial court in the entry of its order denying defense counsel's pre-trial motion for discovery seeking the criminal records of the victim.
The requirement that a prosecuting attorney must disclose to defense counsel any record or prior criminal convictions of the persons whom the prosecuting attorney intends to call as witnesses at the trial arises only if such material and information is within his possession and only upon a showing that defense counsel first has exerted his own efforts and resources and has pursued and exhausted other accessible means and remedies available to him to obtain such information. State v. Coney, Fla. 1973, 294 So.2d 82, 87.
The record presented to this court merely consists of the written motion and the subsequent oral denial thereof. The record being totally devoid of the testimony upon which the subject motion was based, defendant-appellant is precluded from presenting the alleged error for our consideration in that the omitted matter affects the determination of this court. See Costantino v. State, Fla.App. 1969, 224 So.2d 341; Williams v. State, Fla.App. 1969, 222 So.2d 428; Farrington v. State, Fla.App. 1968, 207 So.2d 513.
In addition, immediately preceding the trial, the judge questioned two police officers as to their knowledge of the victim having a criminal record. Both responded in the negative. During the trial the victim testified on cross-examination that he had two traffic convictions and that he was placed on probation for a felony, but adjudication of guilt was withheld. No prejudice having resulted to the defendant, the appellant's argument hereunder must fail. See Buttler v. State, Fla.App. 1970, 238 So.2d 313.
Appellant secondly urges that the trial court erred in denying defendant's motion for mistrial predicated upon the alleged improper and prejudicial cross-examination of the defendant.
The record reflects that with respect to the comments to which the objections, overruled by the trial judge, were made, defense counsel moved for mistrial without first making the required request for an instruction to disregard the remarks made. See Ricks v. State, Fla.App. 1971, 242 So.2d 763.
*421 Furthermore, we do not find the remarks objectionable as the existence of a prior conviction may be established by the questioning of a witness. See State v. Young, Fla.App. 1973, 283 So.2d 58.
Accordingly, the judgment of conviction and sentence are affirmed.
Affirmed.