334 So.2d 597 (1976)
Claude BROWN, III, Appellant,
v.
STATE of Florida, Appellee.
No. 46228.
Supreme Court of Florida.
May 5, 1976.
John L. Parker, Jr., West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
*598 SUNDBERG, Justice.
This is an appeal from an adjudication of guilt under Section 837.021, Florida Statutes[1] (perjury by inconsistent statement), in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.
Appellant made a sworn statement to the effect that he was "driving a blue Mazda automobile in Martin County, Florida, and was accompanied by a Leonard Joseph, also known to Claude Brown III as `Little Junior' on September 18, 1973". Later at trial appellant denied under oath that he was with Leonard Joseph on that date. This variance in Brown's story led to his subsequent indictment and conviction under Section 837.021, Florida Statutes. The sole issue on this appeal is the constitutionality of the statute, which was upheld by the circuit court in denying appellant's motion to dismiss. Our jurisdiction vests under Article V, Section 3(b)(1), Florida Constitution.
Appellant argues that the instant statute is repugnant to the Fifth Amendment to the Constitution of the United States because one charged with this offense must come forward and explain the apparent inconsistency of his two statements. The State is never required to prove the falsity of a specific remark as it must under both the common law and the other perjury statutes of this jurisdiction,[2] but is able to gain a conviction by piling inference upon inference. Although under Section 837.021(4), Florida Statutes, the good faith belief that both of the defendant's remarks were accurate at the time made is provided as a defense, appellant argues that a defendant must, in order to avail himself of the protection of this provision, take the stand to assert his bona fides.
While the constitutionality of Section 837.021, Florida Statutes, has not been the subject of a reported opinion in this State, there is impressive authority for the proposition that such statutes are constitutional as establishing a reasonable, rebuttable presumption that a crime has been committed. In construing a similar statute,[3] the Supreme Court of Illinois observed:
"By definition contradictory statements cannot both be true. (See People v. Walker, 28 Ill.2d 585, 192 N.C. 819.) Thus, proof that a person has made contradictory *599 statements proves of itself, without aid of any presumption, that the person has made a false statement. The only presumption involved in paragraph (b) of section 32-2 is that he did not believe both statements to be true. It is, of course, arguable that the statements were made because of excusable mistake or some other valid reason. Since this statute is limited to proceedings where an oath or affirmation is required and to a statement that is material to an issue or point in question, it is a reasonable presumption. In most cases perjury will have been committed; the exception will be rare and ordinarily will be shown by evidence more readily available to the defendant than to the State. Under such circumstances, a rebuttable presumption which puts the burden of going forward with the evidence on the defendant is constitutionally permissible."
People v. Ricker, 45 Ill.2d 562, 565, 262 N.E.2d 456, 458 (1970). See also State v. Kowalczyk, 3 N.J. 51, 68 A.2d 835 (1949); People v. Lillis, 3 A.D.2d 44, 158 N.Y.S.2d 191 (1956).
These decisions follow the position enunciated in 70 C.J.S., Perjury § 67:
"... [U]nder a statute so providing, proof of contradictory statements made by accused under oath is prima facie evidence that one or the other is false, and it has been held that where the subject matter is such that in the nature of things the falsity of accused's sworn statement cannot be proved except through circumstantial evidence, as where he is charged with falsely stating he did not remember certain facts, evidence of contradictory statements made may be sufficient to establish his guilt."
It is asserted that the term "inconsistent statements" appearing in subsection (1) of 837.021, Florida Statutes, is susceptible of ambiguity, that there are gradations of consistency. The terms "contradict" and "contradictory" are utilized, however, in subsections (1), (3) and (4) of the statute in delineating the type of statements which create criminal liability. We construe such terms to mean statements which are mutually exclusive. As so construed and read in its entirety, the statute, we believe, makes it clear to a person of ordinary intelligence and understanding the conduct which is proscribed.
As noted above, subsection (4) of the instant statute establishes the defense of a good-faith belief that both of the subject statements are true. Individuals charged with perjury by inconsistent statements can establish this defense either through independent evidence or through their own testimony at trial. In any event, the State must prove that the statements were (1) material, (2) mutually exclusive, and (3) made under oath, beyond all reasonable doubt. Thus it can be seen that the challenged statute does not alter the traditional presumption of innocence to which the criminal defendant is entitled at trial.
To the argument that the statute admits of a construction which would permit a conviction where one of the statements was made through error, mistake or inadvertence, we respond that the statute requires the statement to have been made "willfully," which we construe to signify that the statement was knowingly false when made. We do not construe a statement made through error, mistake or inadvertence to be one made willfully within the purview of the statute.
Perjury is a crime uniquely inimical to our system of justice. This system features an absence of the kind of compulsion, both physical and psychic, associated with other regimes. A structure so founded cannot withstand the erosion caused by willful falseswearing. Realizing this cardinal fact of American jurisprudence, our Legislature has changed the common law requirement of proof of specific falsehood by enacting Section 837.021, Florida Statutes. *600 The result is a realistic response to the uniquely significant problem which perjury poses to our judicial establishment. The presumption established by this statute is reasonable, rebuttable and constitutional.
Accordingly, the judgment is affirmed.
OVERTON, C.J., ENGLAND, J., and SHOLTS, Circuit Judge, concur.
ROBERTS, J., dissents with opinion.
SMITH, District Court Judge, dissents with opinion with which ROBERTS, J., concurs.
ADKINS, J., dissents and concurs with SMITH, District Court Judge.
ROBERTS, Justice (dissenting).
I respectfully dissent. In my opinion, the statute is unconstitutional. It would prevent a witness from ever correcting a prior false statement without the hazard of being indicted for perjury. I think the witness should be encouraged not discouraged to make a corrective statement. Section 837.021, Florida Statutes, constitutes an unconstitutional violation of the Fifth Amendment to the Constitution of the United States.
SMITH, District Court of Appeal Judge (dissenting):
The critical due process question is whether the 1973 statute, since amended, presumed willfulness from the accused's making of inconsistent statements under oath and, if so, whether there is in common experience a rational connection between the fact proved and the state of mind presumed. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Western & A.R.R. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884 (1929).
The statute did not equivocate. It relieved the State of the burden of proving willfulness, an explicit element of the offense, by making its absence a matter of "defense", i.e., "that the accused believed each statement to be true at the time he made it." Sec. 837.021(4), F.S. 1973. In this unique provision for a "defense" of nonwillfulness, the Florida statute shifted to the accused a burden of persuasion which remained with the prosecution under the statutes upheld in State v. Kowalczyk, 3 N.J. 51, 68 A.2d 835 (1949), and People v. Lillis, 3 A.D.2d 44, 158 N.Y.S.2d 191 (1956).
Our statute was broadly concerned with material statements made under oath in "trials, hearings, investigations, depositions, or affidavits, in which the making of statements under oath or affirmation is required or authorized by law." Sec. 837.021(1), F.S. 1973. It was not restricted in application to formal proceedings requiring an oath, as were the Illinois and New York statutes which, because they were so restricted, were upheld in People v. Ricker, 45 Ill.2d 562, 262 N.E.2d 456 (1970), and People v. Lillis, supra. The presumption of willfulness, in its classic sense of volition and intent informed by knowledge, was attached by § 837.021 to all inconsistent statements made in any setting in which an oath was thought by an investigator or interrogator to be desirable or convenient.
Perhaps it is the legislature's business, and not the Court's, to determine the wisdom of punishing for a second crime the witness who on oath corrects prior perjury and of encouraging selective prosecution of witnesses whose trial testimony under cross-examination is disappointingly inconsistent with that previously given in closeted interrogation. It is nevertheless disquieting to think that a lawyer or judge abets a felony when he or she exhorts a witness who previously lied under oath now to testify truthfully.
The legislature may no doubt obliterate policies affecting the administration of justice which were long valued by the common *601 law, such as that encouraging the recantation of perjury. Brannen v. State, 94 Fla. 656, 114 So. 429 (1927). It is another matter, however, for the legislature to attribute an intent to lie where common understanding supposes, in the absence of evidence, that there was mistake or confusion. E.g., Silver v. State, 117 So.2d 509 (Fla.App.3d, 1960). The presumption of willfulness may be validated, in my view, only if the Court is prepared to find from "common experience" and "the circumstances of life as we know them" that persons who have made contradictory statements under oath in "trials, hearings, investigations, depositions, or affidavits" are more likely to have willfully lied than to have been mistaken or confused. United States v. Romano, supra, 382 U.S. at 139, 86 S.Ct. at 281, 15 L.Ed.2d at 213. Finding in our common experience no justification for such a melancholy view, I would hold that the presumption of § 837.021, F.S. 1973, offended due process standards and that Brown's conviction should be vacated.
ROBERTS and ADKINS, JJ., concur.
NOTES
[1] The statute under which Brown was charged and whose constitutionality is at issue herein reads:

"Perjury by contradictory statements. 
"(1) Whoever, in one or more trials, hearings, investigations, depositions, or affidavits, in which the making of statements under oath or affirmation is required or authorized by law, willfully makes two or more material statements under oath or affirmation, when in fact two or more of the statements contradict each other, is guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. The prosecution may proceed in a single count by setting forth the willful making of inconsistent statements under oath or affirmation pursuant to requirement or authorization of law and alleging in the alternative that one or more of them are false.
"(2) The question of whether a statement was material is a question of law to be determined by the court.
"(3) In any prosecution for perjury by contradictory statements under this act, it is not necessary to prove which, if any, of the statements is not true.
"(4) In any prosecution under this act for perjury by contradictory statements, it shall be a defense that the accused believed each statement to be true at the time he made it."
Effective July 1, 1975, Section 837.021(1), Florida Statutes, was changed to read as follows:
"Whoever, in one or more official proceedings, willfully makes two or more material statements under oath when in fact two or more of the statements contradict each other is guilty of a felony of the third degree, punishable as provided in chapter 775. The prosecution may proceed in a single count by setting forth the willful making of inconsistent statements under oath and alleging in the alternative that one or more of them are false."
[2] Fla. Stat. § 837.01, -.02.
[3] Ill. Rev. Stat. 1967, ch. 38, par. 32-2(b).