BARKDULL, Chief Judge.
Al P. Smith appeals from a final judgment of conviction and sentence, entered pursuant to a jury verdict that found him guilty of breaking and entering with intent to commit rape and involuntary sexual bat *118 tery with a deadly weapon. He was sentenced to forty years and ten years imprisonment, respectively, to run concurrently. This appeal ensued.
The record reveals the following: The defendant testified in his own behalf and, on cross-examination, was asked: “You would never break into anybody’s house, would you?” Defense counsel objected, and defendant answered that he had entered a house before. A mistrial was requested, based on the State having elicited testimony that the defendant had broken into someone’s home on a prior occasion. The motion was denied and this has been urged as error in this court. We agree.
The only proper question to be asked was whether or not the defendant had ever been convicted of a crime. See: Mead v. State, 86 So.2d 773 (Fla.1956); McArthur v. Cook, 99 So.2d 565 (Fla.1957); Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973); Jones v. State, 305 So.2d 827 (Fla. 4th DCA 1975); Knight v. State, 316 So.2d 576 (Fla. 1st DCA 1975); Williams v. State, 324 So.2d 672 (Fla. 4th DCA 1975); Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1976); Jackson v. State, 336 So.2d 633 (Fla. 4th DCA 1976); Section 90.08 Florida Statutes (1975). The State urges that this was a permissible question under the doctrine laid down by the Supreme Court of similar pattern crimes in Williams v. State, 110 So.2d 654 (Fla.1959). We don’t think this question partook of such evidence. The cases indicate the proper way to bring in collateral evidence under the Williams v. State, supra, decision. See: Ashley v. State, 265 So.2d 685 (Fla.1972); Davis v. State, 276 So.2d 846 (Fla. 2d DCA 1973); Marion v. State, 283 So.2d 53 (Fla. 4th DCA 1973). The question propounded in the instant case did not meet this test.
The appellant also preserved for review the question of the failure of the State to disclose Brady type evidence, under the decision of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the failure of the trial court to permit at least a recess in order for the defense to evaluate this alleged Brady evidence. We do not reach this question because of our disposition of the cause on the above-stated point on appeal. The matter will have to be retried and the witness will be available for discovery prior to the retrial.
Therefore, for the reasons above stated, the verdicts, adjudications of guilt and the sentences are set aside, and the matter is returned to the trial court for a new trial.
Reversed and remanded, with directions.