SCHEB, Judge.
Is it permissible for defense counsel to cross-examine a witness as to a prior perjury conviction even though that conviction may be remote in time? In this case the trial court refused to allow the defense to inquire concerning a perjury conviction of a key prosecution witness. Defendant appeals. We reverse.
Defendant was convicted of larceny and aggravated battery. The only eyewitness to the alleged crimes was the victim, Fritz Surrency. Defense counsel sought to cross-examine Surrency as to a conviction for perjury. When the state objected, defense counsel, outside the presence of the jury, proffered that Surrency had been convicted of perjury. The trial judge sustained the state’s objection on the ground that the defense questioning related to a specific crime. Subsequently, on motion for new *78 trial, the trial court conceded the basis of his ruling was incorrect. Nevertheless, he held that since the victim’s conviction had occurred more than 20 years prior to this trial, it was too remote in time to have any probative value.
Section 90.08, Florida Statutes provides:
No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility.
The trial court was correct in its basic premise that the proffered question was not improper even though it related to a specific conviction. The statute specifically sets forth perjury as an exception to the rule that ordinarily the nature of the conviction used to impeach will not be disclosed to the jury. Cf. Fulton v. State, 335 So.2d 280 (Fla.1976).
However, we do not agree with the trial court’s exclusion of the question on the grounds of remoteness. The statute is clear. There are no time restrictions limiting when the perjury conviction can be used for impeachment. We are aware of only one Florida case which holds that impeachment evidence-of a conviction can be excluded on grounds of remoteness. In that ease, Braswell v. State, 306 So.2d 609 (Fla. 1st DCA 1975), the conviction occurred in a summary court martial proceeding which had occurred twenty-four years previously. There, the court, with Judge McCord dissenting, held that the witness had not been convicted of a “crime” within the meaning of Section 90.08, and further that a conviction used to impeach under this section must not be too remote in time. In passing, we note that there is no statutory authority which entitles a service man to be furnished counsel in a summary court martial proceeding. At the present time, service personnel are frequently furnished counsel in summary court martial proceedings; however, in Braswell, the defendant-witness did not have the benefit of counsel.
Even assuming that it might be proper to exclude evidence of a conviction of a crime on the grounds of remoteness, we think perjury falls in a special category. Such a conviction has greater weight against the credibility of a witness than any other crime. Cf. People v. Allocca, 183 App.Div. 571, 170 N.Y.S. 881 (1918).
It is interesting to note that prior to amendment of Section 90.08 by the 1971 Legislature, any person who had been convicted of perjury was barred from testifying as a witness in any court proceeding. In light of this history and the unqualified language of the present version of Section 90.08, we believe the legislature intended to allow perjury to remain in a unique category. The legislature must have determined that a prior perjury conviction particularly affected the credibility of a witness and should be revealed to the jury.[1]
*79 Even though it was error for the trial judge to disallow defense counsel’s questioning, was it harmless? This case was based on circumstantial evidence with the exception of the testimony of Surrency, the only eyewitness to the crimes. It was crucial to the defense to have the right to impeach him with his prior perjury conviction. Regardless of the trial court’s thinking as to the probative value of the evidence, this was a judgment which only the jury was entitled to make.
In light of our ruling on the question discussed, it is unnecessary to review the other points raised on appeal by the defendant.
Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.
BOARDMAN, C. J., and OTT, J., concur.

. We note that the new Evidence Code, Ch. 76-237, effective July 1, 1977, provides in Section 90.610:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime involving dishonesty or a false statement, with the following exceptions:
(a) Evidence of any such conviction is inadmissible in a civil trial if it is so remote in time as to have no bearing on the present character of the witness. The Sponsors’ Note indicates that the exclusion for remote convictions applies only in civil cases. We also note that while Federal Rule of Evidence 609 provides a general 10-year cutoff date for remoteness, unless the interests of justice require otherwise, one court has suggested that crimes involving false statement or dishonesty can nfever be excluded as remote. U. S. v. Dixon, 547 F.2d 1079 (9th Cir. 1976).