361 So.2d 767 (1978)
Perry JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-663.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Rehearing Denied September 6, 1978.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., PEARSON, J., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
Defendant, Perry Johnson, was informed against for (1) burglary, (2) attempted grand larceny, (3) battery, and (4) assault, tried by jury and found guilty on all four counts.
For his first point on appeal, Johnson argues that the trial court erred in denying his motion for mistrial where the prosecutor sought to impeach the credibility of a key defense alibi witness with evidence of prior specific criminal convictions.
*768 The credibility of a witness may be impeached by evidence of prior criminal convictions and ordinarily the nature of the conviction used to impeach is not permitted to be disclosed to the jury. See Fulton v. State, 335 So.2d 280 (Fla. 1976). However, an exception to this rule is where the conviction is for perjury because such a conviction has greater weight against the credibility of a witness than any other crime. See Section 90.08, Florida Statutes (1975)[1] and Ward v. State, 343 So.2d 77 (Fla.2d DCA 1977). As the court in Ward, supra, at 78 pointed out:
"It is interesting to note that prior to amendment of Section 90.08 by the 1971 Legislature, any person who had been convicted of perjury was barred from testifying as a witness in any court proceeding. In light of this history and the unqualified language of the present version of Section 90.08, we believe the legislature intended to allow perjury to remain in a unique category. The legislature must have determined that a prior perjury conviction particularly affected the credibility of a witness and should be revealed to the jury."
In the instant case the prosecutor on cross-examination eventually elicited testimony from the alibi witness to the effect that he had been previously convicted of knowingly giving false information to a law enforcement officer. Defendant Johnson contends that since the witness was not convicted for "perjury" in that the witness was not under oath at the time he gave the false information, the prosecutor violated the rule prohibiting disclosure of the nature of the conviction to the jury; therefore, the trial court should have granted his motion for mistrial. We cannot agree.
The crime of knowingly giving false information to any law enforcement officer, Section 837.05, Florida Statutes (1975), is found in the perjury chapter. See Chapter 837, Florida Statutes (1975). Although the false information is not rendered under oath, it still is a form of perjury. In addition, like all of other forms of perjury such a conviction has greater weight against the credibility of a witness than any other crime.
Johnson also argues that the prosecutor was required to produce the records of prior convictions if she desired to impeach the witness. An examination of the record demonstrates that the alibi witness eventually admitted to his prior conviction of giving false information to a police officer and, therefore, production of the record of his conviction was not necessary. Only when the witness denies the conviction must the prosecutor produce the record. See Section 90.08, Florida Statutes (1975) and Roberson v. State, 40 Fla. 509, 24 So. 474 (1898). Thus, this point lacks merit.
We also considered Johnson's remaining points on appeal and conclude that reversible error has not been made to appear.
Affirmed.
NOTES
[1] Witnesses; conviction of other crimes as disqualification.  No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility."