365 So.2d 405 (1978)
Al P. SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1414.
District Court of Appeal of Florida, Third District.
December 5, 1978.
Rehearing Denied January 10, 1979.
*406 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and KEHOE[*], JJ.
PER CURIAM.
The defendant, Al Prospery Smith, appeals a judgment of the court holding him guilty of the crimes of unlawful and felonious breaking and entering a dwelling with intent to commit a felony therein, to wit: involuntary sexual battery; and committing sexual battery without consent by coercing the victim to submit by threatening the use of force or violence likely to cause serious personal injury (no deadly weapon involved). The court entered a sentence of ten years on count 1 and a consecutive forty year sentence on count 2.[1]
*407 The defendant has presented four points on appeal. The first urges that the trial court erred in denying a motion for mistrial upon the grounds that prejudicial testimony of defendant's prior incarceration was admitted into evidence. The second urges error in denying a mistrial claimed for improper closing argument of the prosecutor. The third urges that the defendant was convicted of an offense for which he was not charged in that the claimed lesser-included offense for which he was convicted is not a lesser-included offense of the crime charged. The fourth urges error in the sentence in that the maximum term authorized for the offense of sexual battery with the use of threats or force under Section 794.011(4)(b), Florida Statutes (1975), is thirty years. The State has confessed error on this last point.
Points one and two claiming error upon the failure to declare a mistrial would, if error appeared, require the reversal of the judgment and sentence on both the breaking and entering count and the sexual battery count. In each of the cases where error is claimed, we have reviewed the record to determine whether prejudicial error appears. It is clear that a mistrial should be declared in the midst of a criminal trial only where there is an absolute legal necessity to stop the trial because of prejudice to the defendant. See Flowers v. State, 351 So.2d 764 (Fla. 3d DCA 1977), and cases cited therein.
Under his first point, the defendant claims the prejudice to have been the admission of commissary slips showing his signature which could have been made only in jail. He, thereupon, argues that he was so prejudiced that he could not have received a fair trial. The admission of the commissary slips was made proper by the defendant having claimed that the initials on a waiver of rights form were not his. If there was any prejudice to the defendant, we think that it could have been corrected by an instruction to the jury to disregard the testimony or to consider it only in the context of the handwriting comparison. The defendant did not request such a procedure. We think that a mistrial would have been inappropriate. See Comer v. State, 318 So.2d 419 (Fla. 3d DCA 1975); and Richardson v. State, 248 So.2d 530 (Fla. 3d DCA 1971).
The second point urging error upon the failure to declare a mistrial for claimed prejudicial remarks by the prosecutor in his closing argument is, likewise, insufficient to show reversible error on this record. The remarks complained of were comments upon the credibility of the defendant and of the evidence before the court. Florida law permits a wide latitude in the argument of counsel. See Spencer v. State, 133 So.2d 729 (Fla. 1961). In view of the fact that we do not find that the argument of counsel was improper per se, and that the defendant did not move for curative or cautionary instruction to cure what he terms the prejudicial nature of the argument, we find that error is not demonstrated and that a new trial is not required on these two points.
Defendant's third point directed to his conviction on the sexual battery count does present reversible error under the holding of this court in Hicks v. State, 362 So.2d 730 (Fla. 3d DCA 1978), filed October 2, 1978. In that case, we held that a conviction of a defendant upon the offense of involuntary sexual battery with the use of threats or force of serious personal injury constitutes a conviction of a crime not charged when the information charges the defendant with an involuntary sexual battery as proscribed by Section 794.011(3), Florida Statutes (1975). In the present case, the information charges:
"... AL PROSPERY SMITH, on the 26th day of February, 1975, in the County and State aforesaid, did unlawfully and feloniously commit sexual battery upon JOHNNIE M. WALKER, without her consent ... and in the process thereof used a deadly weapon, to wit: A KNIFE ..."
In its charge to the jury, the court instructed, as a lesser included offense, on the offense of sexual battery "by threat when *408 the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and without the use of a deadly weapon ..." This offense is proscribed by Section 794.011(4)(b), Florida Statutes (1975). The jury returned a verdict finding the defendant guilty of this offense.
The offense of which the defendant was convicted constitutes the conviction of a crime not charged. The determinative question is whether this offense is a lesser included offense of the offense charged. See Brown v. State, 206 So.2d 377 (Fla. 1968).
Count II of the information, which charged the defendant with sexual battery, charged the use of a deadly weapon, as above quoted. The information recites the applicable statutory provision as Section 794.021(2), Florida Statutes (1975). This is an obvious clerical error; the crime charged is proscribed in Section 794.011(3), Florida Statutes (1975).[2] The jury returned a verdict of guilty of a separate crime, as follows:
"... as to Count TWO of the Information, SEXUAL BATTERY WITHOUT CONSENT, COERCES THE VICTIM TO SUBMIT BY THREATENING TO USE FORCE OR VIOLENCE LIKELY TO CAUSE SERIOUS PERSONAL INJURY, NO DEADLY WEAPON INVOLVED ..."
For the reasons set out in our opinion in Hicks v. State, above cited, we hold that reversible error appears, and we reverse the judgment finding defendant guilty upon count II of the information. We affirm the finding of guilt and the sentence upon count I of the information. Accordingly, the judgment appealed is affirmed in part and reversed in part.
Affirmed in part; reversed in part.
HENDRY, J., dissenting.
NOTES
[*] Judge Kehoe participated in the decision in this case but did not hear oral argument.
[1] A previous appeal in this case appears at Smith v. State, 340 So.2d 117 (Fla. 3d DCA 1976). Subsequent to that appeal, upon reversal and remand, Smith was tried a second time and a mistrial was declared when the jury was unable to agree. Smith was tried a third time resulting in the judgment and sentence here appealed.
[2] Section 794.011, Florida Statutes (1975), which replaced the prior rape statute, Section 794.01, Florida Statutes (1973), became effective on October 1, 1974. Ch. 74-121, Laws of Florida. Section 794.021, which is cited in the information, does not create an offense but merely abolishes the defense of ignorance or belief as to the age of the victim. Section 794.011(3) makes it a life felony to commit sexual battery with the use of a deadly weapon or actual physical force likely to cause serious personal injury. The defendant was clearly charged under this section.