SUNDBERG, Justice,
dissenting.
I respectfully dissent. I believe the decision under review is in conflict with Williams v. Dickenson, 28 Fla. 90, 9 So. 847 (1891), disapproved on other grounds, Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906), and is controlled by the principle there established.
In the instant case, the state was permitted to introduce in evidence the nature of a prior conviction of a defense witness as affecting the credibility of that witness in the absence of his denial of such conviction.[1] Under section 90.08, Florida Statutes (1977),[2] evidence of the exact nature of a witness’s prior conviction may be introduced if the prior conviction was for the crime of perjury. But evidence of the exact nature of any other offense may be introduced only if the witness denies the conviction, and then only by a certified copy of the judgment of conviction. Mead v. State, 86 So.2d 773 (Fla.1956); Ward v. State, 343 So.2d 77 (Fla. 2d DCA 1977); Herman v. State, 341 So.2d 1010 (Fla. 4th DCA 1977); Smith v. State, 340 So.2d 117 (Fla. 3d DCA 1976). The testimony elicited here related to the crime of knowingly giving false information to a law enforcement officer.[3] On appeal the District Court of Appeal, Third District, affirmed the trial judge’s ruling denying a motion for mistrial based on the state’s questioning concerning the specifics of the conviction. The rationale of the district court was as follows:
The crime of knowingly giving false information to any law enforcement officer, Section 837.05, Florida Statutes (1975), is found in the perjury chapter. See Chapter 837, Florida Statutes (1975). Although the false information is not rendered under oath, it still is a form of perjury. In addition, like all of other forms of perjury such a conviction has greater weight against the credibility of a witness than any other crime.
Johnson v. State, 361 So.2d 767, 768 (Fla. 3d DCA 1978).
I cannot accept this reasoning. The placement of the crime described in section 837.05 in the chapter of the Florida Statutes dealing with perjury does not make that offense perjury. Painting the word “Bull” on the side of a cow does not change that animal’s gender. The offense described in section 837.05 does not require that the statement be made under oath, which is an essential element of the crime of perjury. Brown v. State, 334 So.2d 597 (Fla. 1976); Hirsch v. State, 279 So.2d 866 (Fla. 1973).
The same issue was effectively decided in Williams v. Dickenson, supra, where the deposition of a witness convicted of burning a “gin house” (cotton) was admitted in evidence. The predecessor of section 90.08 then in force rendered incompetent the testimony of an individual who had been convicted of “murder, perjury, piracy, forgery, larceny, robbery, arson . . . . ”[4] The admission of such testimony was assigned as error on the premise that the statutory offense of burning a gin house was synonymous with arson. In rejecting this assertion the Court reasoned:
*695 His offense was a statutory crime, made a felony be the act of 1868, last cited, and would not have constituted the crime of arson as known to the common law; the building burned being neither a dwelling, nor an outhouse or barn within the curti-lage. It is a well-recognized canon of construction that where legal terms are used in a statute they are to receive their technical meaning, unless the contrary plainly appears to have been the intention of the legislature. . . . There is nothing in the act of 1845 that indicates any other intention on the part of the legislature than that the disqualifying crimes therein denominated as murder, perjury, piracy, forgery, larceny, robbery, arson, etc., should be considered or construed in any other than their technical sense as known and recognized by the common law.
9 So. at 849 (citations omitted). To the same extent section 90.08, under which the state sought to introduce the conviction in the instant case, was enacted in its present form in 1971. Ch. 71-72, Laws of Florida. The statute under which the witness was convicted was first enacted in 1974. Ch. 74-383, Laws of Florida. Just as the offense of burning a gin house did not qualify under the technical, common law definition of arson, so too does the offense of making false statements (not under oath) to a law enforcement officer not qualify under the technical, common law definition of perjury.
The above analysis is particularly cogent in view of the remedial nature of section 90.08. At common law, conviction of a crime rendered one incompetent to testify.[5] The purpose of section 90.08 was to ameliorate the absolute proscription of the common law. To ascribe to section 90.08 the construction urged by the state is not consonant with such a remedial statute.
Respondent reminds us that the recently adopted Florida Evidence Code provides for impeachment by prior conviction of “a crime ... if the crime involved dishonesty or a false statement.” § 90.610(1), Fla.Stat. (1979). Obviously, this event is immaterial to the proper application of section 90.08 to the ruling in this case which occurred before the effective date of the evidence code. Moreover, were it proper to utilize the enactment of section 90.610(1) as a tool of statutory construction in this case, it would auger for the conclusion I reach. If crimes involving false statements not made under oath were already within the contemplation of section 90.08, there would have been no need for the legislature to include such a provision in section 90.610(1), Florida Statutes (1979).
Accordingly, I would grant the petition for writ of certiorari, quash the decision of the district court and remand to that court with instructions to remand to the trial court for a new trial.
ENGLAND, C. J., concurs.

. There is a dispute as to whether the witness in fact denied the conviction, but because of a stipulation by defense counsel in open court, I do not deem that issue to be critical to this case.

. § 90.08, Fla.Stat. (1977):
No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility.

. § 837.05, Fla.Stat. (1977):
Whoever knowingly gives false information to any law enforcement officer concerning the alleged commission of any crime is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Ch. 202, § 7, Laws of Florida (McClellan’s Digest 1845).

. Browne v. Crashaw, 2 Bulstr. 154 (1613); Commonwealth v. Gorham, 99 Mass. 420 (1868); II Wigmore, Evidence § 519 (3d ed. 1940).