# STATE OF FLORIDA v McCLELLAN

## Case No. 85-070 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

June 9, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Randi Klayman Lazarus,** Assistant Attorney General, for appellant.

**Stephen Cahen** for appellee.

Before DONNER, RIVKIND, SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, J.

The State of Florida appeals from an Order granting appellee's sworn Motion to Dismiss Count II of the information. We reverse the Court's ruling for the reasons set forth therein.

The facts are not in dispute. On September 21, 1984, JOANNE McCLELLAN reported to the police that she was the victim of a sexual battery committed by an unknown white male. On September

26, 1984, she submitted a sworn statement detailing the assault. As a result, a major sexual battery investigation was initiated. The police confronted appellee with inconsistencies in her story on October 2, 1984, after which she admitted having fabricated the entire story. Criminal charges were instituted against appellee charging her with knowingly making a false statement under oath in an unofficial proceeding and with filing a false police report. The first count was nolle prossed. Appellee filed a sworn Motion to Dismiss Count II arguing that recantation was a complete defense to the charge. The Court granted the motion and this appeal ensued.

The trial Court relied on *Johnson v. State*, 361 So.2d 767 (Fla. 3d DCA 1978) in reaching its decision. Therein, the appellate court concluded that since the crime of knowingly giving false information to any law enforcement officer is found in the perjury chapter, it is a form of perjury even though the false information is not rendered under oath. The trial court, in the case sub judice, concluded that since recantation is a defense to perjury, it is a defense to the crime of knowingly giving false information to a law enforcement officer. Based upon this conclusion the motion to dismiss was granted.

There are five elements that must be established if the defense of recantation is to be applicable. *Carter v. State*, 384 So.2d 1255 (Fla. 1980). First, the recantation must occur promptly and voluntarily. Second, the declarant must have gained nothing from the false statement. Third, there must be no prejudice to anyone by the declarant's false statement. Fourth, there must be no proceedings affected by this false statement. Fifth, the declarant's subsequent testimony must be consistent with the recanted testimony. These elements are not all present in the instant case.

The alleged recantation occurred eleven days after appellee's false report to the police and only after she was confronted with inconsistencies in her story. It cannot be said as a matter of law the recantation occurred promptly or voluntarily. Additionally, substantial time and effort was expended by the State in investigating the alleged rape before the recantation occurred. Some prejudice exists.

We are not unmindful of the public policy argument behind the *Carter* rule which is to encourage the ascertainment of truth from witnesses by allowing them to correct their false statements without fear of perjury charges. The Court in *P.P. v. State*, 466 So. 2d 1140 (Fla. 3d DCA 1985), recognized the same policy argument regarding the misdemeanor charge of giving false information to obstruct justice. The Court recognized that one accused of this charge should be able to

retract any "false information" before it is officially recorded or does harm. This is intended to encourage witnesses to tell the truth and to induce such witnesses to correct, without fear of prosecution, their prior falsehoods before they have done any harm. We note the fact that in all the foregoing cases, the recantation occurred within one day of the false information being given. Such was not the situation in the instant case.

The eleven day lapse between the initial statement and the recantation was not prompt. Neither was it voluntary in light of the fact that the declarant retracted only after being confronted with inconsistencies. Based upon the foregoing, the order of the lower court granting the sworn motion to dismiss is vacated. This matter is remanded to the lower court with instructions to deny the sworn motion to dismiss and to proceed with the trial of Appellee.

RIVKIND, J., Concurs.

DONNER, J., Dissents.

I most respectfully dissent from the decision reached by my colleagues and would affirm the trial court.

The public policy argument in *Carter v. State*, 384 So.2d 1255 (Fla. 1980), is most compelling and recantation must be rewarded. The result reached by the majority would require the Defendant to go through the trial, falsely accusing an innocent person to avoid being prosecuted herself.

The facts recited above do not in any way persuade me that it would be reasonable to allow false information to be parlayed into trial to protect the perjuror from prosecution. Rarely does one get charged because a jury does not convict the Defendant when the victim is not believed. The majority opinion would require a trial for an innocent person to protect a guilty one. This result cannot and should not be the law.