957 So.2d 47 (2007)
Joseph VELTRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3675.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Rehearing Denied June 21, 2007.
*48 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Veltre was convicted of lewd and lascivious exhibition to a child. He contends that the trial court erred by allowing prejudicial hearsay testimony. Additionally, he claims that the trial court erred by denying his motion for mistrial prompted by a police officer testifying that he recognized Veltre's name from prior dealings. We affirm.
The victim, age fifteen at the time of the crime, testified that she was living with her mother's friend, Theresa Laviolet. One morning, she was sitting in the *49 screened porch when she saw a man in the yard pulling his pants down and starting to masturbate while looking directly at her. She went in and told Laviolet; when she and Laviolet came outside, the man started running. They followed him to the end of the street, but did not see which way he turned. At that point, she saw one man who looked like the perpetrator going one direction. However, when a neighbor pointed in another direction, they also saw a man that looked like the perpetrator traveling in that direction; this is the man they ultimately followed.
The man proceeded to get into a car, take his shirt off, and put on a baseball cap and a different shirt. She said that "it was an older car . . . looked like a station wagon . . . and it, it was beat up, I don't remember the color, I think maybe white, a light color." At that time, they got the license number of the car. They returned to their house, and when they saw the same man drive back, they got into their car and followed him.
The victim testified; Laviolet did not. The victim positively identified Veltre as the driver and as the man she saw in the yard. She also testified that in her deposition, she said the car was light, and not white, as incorrectly transcribed. Although the police report stated that Veltre's car was green, she had not seen the police report. In any event, it was clear that the car she saw the man get into was the same car from which they obtained the tag number, and the same car they followed.
Officer Plats testified he advised dispatch of the tag number, and dispatch provided him with the address and owner of the vehicle. He also said that the tag number matched the description of the car that the victim and Laviolet had given him. The car was a teal green 1993 Ford Taurus station wagon. Plats traced it to an address and found the station wagon in the driveway; the car had recently been driven because the engine and hood were warm. Veltre was standing in the driveway. The car had left rear damage, as described.
On direct examination, Officer Plats was asked if he received the description of the car from the victim or Laviolet. When he responded he thought it was Laviolet, the state then asked, "And the information matched what. . . ." Defense counsel objected on the basis of hearsay. The state withdrew the question, and defense counsel told the court there was no way to correct the hearsay problem. Ultimately, the court gave a curative instruction.
On cross-examination, defense counsel asked Plats several questions regarding where he obtained the description of the car. On re-direct, the prosecutor asked Plats if Laviolet had given him the description of the car; defense counsel objected, and the objection was sustained. When the state sought to elicit further information as to how the officer learned it was a green station wagon, defense counsel responded:
[S]he's putting on this case with test [sic], hearsay testimony from people that aren't here. It's almost this entire case is turning out to be hearsay, from the pointing, the color of the car, description of the car, there's none of it matches the [victim's] testimony and so what they're doing is they're putting on a case of all hearsay. At this point, Your Honor, because this hearsay problem I move for a mistrial at this time.
Defense counsel did not request a curative instruction at that point. The court sustained the objection, but denied the motion for mistrial.
Sergeant King testified that when he went to the address "[t]he tag number had *50 been run, I had recognized the name on the tag number from having dealt with or had seen, heard the name before." Defense counsel objected, and the court sustained the objection. Counsel then moved for a mistrial, arguing there was no instruction that could be given to counter the error. In rejecting the mistrial motion, the court stated that there were a lot of explanations as to why a police officer could have contact with an individual.
The trial court considered granting a mistrial following testimony by Detective Coleman. The detective initially stated that the victim positively identified Veltre in a photo line-up. The prosecutor then asked, "Following your conversations at the police department with Ms. Violet [sic] and [the victim] what if anything did you do?" Coleman said, following his conversations with Laviolet and the victim, "and ah, their viewing of the photo lineups, ah, they made a positive identification. . . ." Defense counsel objected to this as hearsay and moved again for a mistrial. After a readback of the testimony, the court overruled the defense motion.
We review denial of a motion for mistrial by an abuse of discretion standard; "a mistrial should only be declared if `the error is so prejudicial and fundamental that it denies the accused a fair trial.'" Lubin v. State, 754 So.2d 141, 143 (Fla. 4th DCA 2000) (citation omitted). "The use of a harmless error analysis under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), is not necessary where the trial court recognized the error, sustained the objection and gave a curative instruction. Instead, the correct appellate standard of review is abuse of discretion." Chamberlain v. State, 881 So.2d 1087, 1098 (Fla. 2004) (citation omitted).
Veltre complains of the cumulative hearsay errors of officer testimony as to (1) which way the neighbor pointed, (2) who gave the description of the car, and (3) Laviolet positively identifying Veltre in a photo line-up.[1]
First, as to testimony regarding the neighbor pointing, the court properly admitted the statement as a hearsay exception under section 90.803(1), Florida Statutes. The trial court found that testimony regarding the neighbor's pointing qualified as a spontaneous statement and offered to give a limiting instruction. Defense counsel declined to have an instruction, and the court overruled the defense objection. Section 90.803 recognizes a spontaneous statement as a hearsay exception and defines such statement as "[a] spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness." § 90.803(1), Fla. Stat. (2005). The neighbor was pointing in the direction of where a man had gone either while she was perceiving him, or immediately thereafter; consequently, there was no chance for reflection. Further, the trial court found that the neighbor pointed as a result of witnessing a startling event. We also note that the officer's testimony as to this was cumulative to the victim's testimony as to the same event.
*51 Next, Veltre complains of hearsay testimony regarding Laviolet's description of the car. However, when the officer was asked if Laviolet had given him the description, the court sustained defense objections but denied a motion for mistrial. The court gave a curative instruction. We cannot conclude the trial court abused its discretion in failing to grant a mistrial.
We also cannot conclude that the trial court's denial of the motions for mistrial objections constituted, individually or collectively, an abuse of discretion. With regard to questioning the officer about Laviolet positively identifying Veltre in a photo line-up, the trial court sustained the objection. After listening to the tape of the testimony, the court found that the question referencing Laviolet's identification likely referred to her statement regarding their chasing the perpetrator, well-established through other testimony, rather than referencing whether she had made a photo identification of Veltre. We recognize that with respect to this hearsay, had the defense objection not been sustained,[2] the testimony could not be deemed harmless error. However, as we conclude that Veltre has not demonstrated an abuse of discretion in the court's denial of the mistrial motions, we do not apply harmless error standards. Further, given the victim's positive identification of Veltre, both in the line-up and in court, and such identification conforming to his possession of the very automobile she identified, we cannot say that the implications of the state's improper questions or any partial answers thereto, was so prejudicial as to vitiate the trial.
Finally, Veltre contends the officer's testimony as to recognizing Veltre's name from the tag number constitutes reversible error. We are not persuaded by this argument. In Ruger v. State, 941 So.2d 1182, 1183 (Fla. 4th DCA 2006), a witness testified she had met the defendant after he got out of prison. The court, while giving a curative instruction as to the comment, denied the motion for mistrial. Id. We affirmed, finding the comment "brief, isolated and inadvertent," noting the witness had given equally prejudicial testimony as to other issues, and the comment was cumulative of other evidence. Id. at 1185.
In Cole v. State, 701 So.2d 845 (Fla. 1997), and Ferguson v. State, 417 So.2d 639 (Fla.1982), both of which were cited in Ruger, our supreme court also affirmed convictions where there was testimony as to the defendant's prior criminal history. In Cole, a witness testified she "knew some history" on the defendant. 701 So.2d at 853. Defense counsel declined the offer to give a curative instruction, and the trial court denied the motion for mistrial. Id. Finding the reference isolated, inadvertent, and not focused upon, the court found the trial court did not abuse its discretion. Id. In Ferguson, a witness testified the defendant knew the man who allegedly orchestrated the killings because "the first time . . . my first time in prison, all three of us was together." 417 So.2d at 642. Defense counsel lodged a general objection and did not request a curative instruction. Id. Upon reviewing the record, the court found the testimony not so prejudicial as to warrant a reversal, relying on Smith v. State, 365 So.2d 405 (Fla. 3d DCA 1978). In Smith, the court held in the absence of a request by defense counsel for a curative instruction for the jury to disregard testimony indicating the defendant had been *52 previously incarcerated, the trial court did not err in denying the motion for mistrial. Id. at 407.
In this case, we similarly find that Sergeant King's comment as to recognizing the name was brief, isolated, inadvertent, and not focused upon. Further, there was no indication as to the basis for his recognizing the name. Under these circumstances, we find the trial court did not abuse its discretion in denying the motion for mistrial.
Accordingly, we affirm Veltre's conviction and sentence.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] In a footnote in his initial brief, Veltre further asserts the description of the car and the identification also involved testimonial hearsay and are, therefore, violative of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). While defense counsel did object on the basis of the confrontation clause in regard to testimony surrounding the description of the car, a Crawford violation does not create per se reversible error. See Rodgers v. State, 948 So.2d 655 (Fla.2006).
[2] We note defense counsel did not request a curative instruction in order to ameliorate the testimony.