254 So.2d 406 (1971)
Bruce Merrill McPHEE, Appellant,
v.
STATE of Florida, Appellee.
No. P-72.
District Court of Appeal of Florida, First District.
November 16, 1971.
*407 Richard W. Ervin, III, Public Defender, and Vera Winter Lee, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William W. Herring, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant seeks reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of the offense of illegally possessing a hallucinogenic drug known as LSD. By his brief he presents three points for this court's consideration.
One of the points urged by appellant is that the verdict rendered against him and, consequently, the judgment of conviction and sentence based thereon constitute fundamental error in that they purport to find appellant guilty of an offense with which he was not charged and which is not as a matter of law a lesser offense included in the violation with which he was charged in the information on which he was tried.
The undisputed facts pertinent to the issue presented by appellant are as follows. An information was filed in the circuit court by the state attorney charging appellant in count one thereof with the illegal possession of a hallucinogenic drug known as LSD. Count two of the information charged appellant with the illegal sale of the same drug. The evidence adduced at the trial was legally sufficient, if believed by the jury, to have established appellant's guilt of the charges contained in both counts of the information. When the State concluded the presentation of its evidence and rested its case, appellant made the following motion:
"I have a motion to compel election, require the State to elect which count it intends to proceed upon in this case upon the grounds that under the laws of the State of Florida possession is a lesser included offense of sale and, therefore, it would be improper to permit the State to proceed further in this case and let this case go to the jury on two separate counts. Included in the very act of sale is a possession and under the closest case in Florida * * *."
In response to the foregoing motion, the state attorney announced to the court that he believed appellant was correct in his interpretation of the law and agreed that an illegal sale would encompass the lesser included offense of illegal possession. In response to the court's inquiry, the state attorney announced that he would elect to proceed to trial only on the count of the information charging appellant with the illegal sale of the drug. In its instructions *408 at the conclusion of the case the court charged the jury on the law relating both to illegal sale and illegal possession of a hallucinogenic drug and charged that included in the count charging an illegal sale was also a charge of illegal possession. The jury was further instructed that it could find the appellant guilty either of the illegal sale of the drug or of illegal possession. No objection to the court's charges and instructions to the jury was made by appellant either at the time they were given or at any time thereafter. The jury returned its verdict finding appellant guilty of illegal possession of the drug as a lesser offense included in the charge of illegal sale alleged in count two of the information. In his motion for new trial appellant did not allege as a ground in support thereof the point he now makes on appeal challenging the validity of the verdict.
The criminal law of this state regarding lesser included offenses has been the subject of much judicial uncertainty resulting in vague, ill considered and contradictory appellate opinions sometimes reaching different conclusions on identical facts. In an effort to bring order out of chaos, the Supreme Court, in a well considered and carefully prepared opinion by the late Justice Thornal, endeavored to blueprint the situations under which criminal offenses must or might be characterized as lesser offenses included in the greater offenses with which a defendant may be charged in an indictment or information.[1] In that opinion it is held that a criminal offense is a lesser offense necessarily included in a charge of the greater offense when the lesser is an essential aspect of the greater, and the burden of proving the greater offense cannot be discharged without proving the lesser offense as an essential link in the chain of evidence. The court's opinion also outlines those circumstances under which criminal offenses may or may not be characterized as lesser offenses included in greater offenses with which a defendant is charged, depending upon (a) the allegations of the accusatory pleading and (b) the evidence at the trial. In this category of cases the lesser offense will be considered as being included in the greater offense if the accusatory pleading charging the greater offense alleges all of the elements of the lesser offense and the evidence adduced during the trial supports each of the essential elements of the lesser offense. If the allegata and probata support all essential elements of the lesser offense, then it is necessarily included in the greater offense charged in the accusatory pleading. The law is well settled that if a lesser offense is necessarily or by the allegations and proof is found to be included in the greater offense, a duty rests upon the trial judge to fully instruct the jury on the law relating to the lesser offense as well as that relating to the greater offense.
In its opinion rendered in the case of State v. Smith[2] the Supreme Court acknowledged the considerable amount of confusion existing in the courts of this state concerning the law relating to lesser included offenses. By that opinion the court receded from its earlier decision in the case of Goswick v. State[3] which held that a lesser offense would be considered to be included in the greater offense even if only supported by the evidence adduced at the trial and regardless of the allegation of the accusatory pleading. In so receding from its former decision in Goswick, the Supreme Court reaffirmed its decision in Brown v. State, supra.
Based upon the foregoing authorities it affirmatively appears that the statutory offense of illegally possessing a hallucinogenic drug as condemned by F.S. Section 404.02(4), F.S.A., is not an offense which is necessarily included in the offense *409 of illegally selling a hallucinogenic drug as proscribed in F.S. Section 404.02(1), F.S.A. Each is a separate and independent offense in which the charge and proof of one does not necessarily include the charge and proof of the other. In the case sub judice count two of the information charging appellant with the illegal sale of the drug does not contain any allegation charging him either directly or by implication with the offense of possessing the drug as required by the decision in Brown v. State, supra. This court reached a similar conclusion to that reached herein in the case of Parker v. State.[4] In that case we held that the offense of illegally possessing the drug known as seconal was not a lesser offense included in the separate but related offense of illegally selling that drug. We therefore conclude, and so hold, that appellant's concept of the applicable law was incorrect when he urged the court by motion to require an election by the State between the two counts of the information on the ground that the charge of illegally possessing the drug as charged in count one was an offense necessarily included in count two charging the illegal sale of the drug. It is equally clear, and we so hold, that the state attorney misconceived the applicable law when, in response to appellant's motion, he elected to withdraw or abandon the count of the information charging illegal possession and to submit the case to the jury only on the count charging illegal sale. The error of the parties was compounded by the court when it charged the jury on the law relating to the illegal possession of drugs as a lesser offense included in the greater offense of illegal sale and instructed that it might find appellant guilty of either offense.
Conceding the correctness of the proposition urged by appellant that the crime of illegally possessing a hallucinogenic drug is not a lesser offense included in the greater offense of selling such drug, the question recurs as to whether under the facts of this case appellant's conviction of the illegal possession of the drug constitutes fundamental error when the only charge against him submitted to the jury was that of illegal sale.
At the outset it appears without question that it was appellant's motion to require an election by the State which induced the erroneous action taken by the state attorney in abandoning count one of the information charging appellant with illegal possession of drugs. It was appellant's motion which also precipitated the error of the trial court in permitting this to be done and in instructing the jury that the illegal possession was an offense necessarily included in the greater offense of illegal sale of the drug in question. Appellant fortified his position by the representation, although erroneous, that under the law of Florida the offense of illegally possessing drugs was a lesser offense necessarily included in the greater offense of illegally selling the drug. Can it be said that the acquiescence by both the state attorney and the trial court in the position taken by appellant at the trial with respect to the law applicable to the case constituted such fundamental error as to render the jury's verdict and the court's judgment thereon void and of no effect? We think this question must be answered in the negative.
The author of Florida Jurisprudence, in discussing the law of estoppel, says:
"The broad general rule that a party will not be allowed to maintain inconsistent positions is applied frequently with respect to positions in legal proceedings. Thus, the general rule is that a party cannot occupy inconsistent positions in the course of a litigation. It may be also laid down as a general proposition that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it is to the prejudice of *410 the party who has acquiesced in the position taken by him. * * *"[5]
Having assumed the position before the trial court that under the applicable law the offense of illegally possessing a drug is a lesser offense necessarily included in the greater offense of illegally selling the same drug, appellant may not now take an inconsistent position challenging the correctness of the action taken by the trial court in reliance thereon.
Appellant's motion to require the State to elect which of the two counts of the information would be submitted to the jury for its verdict could have been intended for no purpose other than to gain a benefit for appellant which would not otherwise be available to him. It was because of this motion filed by appellant that the State elected to abandon the count of the information charging appellant with the illegal possession of drugs, and which induced the court to instruct the jury as it did on the law relating to lesser included offenses. Having accepted the benefit of the court's ruling in his favor, appellant is not now privileged to challenge that ruling on the ground that it was erroneous as a matter of law:
"Estoppel by the acceptance of benefits finds application in many different fields and under a wide variety of circumstances, * * *. The estoppel is * * * applied * * * to prevent one who accepts the benefit of a judgment or decree from questioning its validity or opposing the enforcement of its terms."[6]
In Peppard v. Peppard[7] the wife who was defendant in a divorce proceeding petitioned the court and received an order requiring the guardian ad litem to pay her certain sums of money as temporary alimony and for other purposes touching upon her support and maintenance. After accepting the benefits of that order the wife sought by interlocutory appeal to challenge the legality of the order appointing the guardian ad litem to represent the husband in the case. In refusing to review the correctness of such order, the Third District Court of Appeal said:
"* * * We think that having accepted the benefits of the order directing the guardian ad litem to take charge of property of her husband, the appellant cannot now urge error upon the entry of the order directing the guardian to take charge of properties of the absent husband. * * *"
As hereinbefore noted, appellant made no objection to the instructions given by the court to the jury that the offense of illegally possessing the drug in question was necessarily included in the offense of selling that drug as charged in the information. Likewise, no objection was made to the court's instruction which charged the jury that they might find the defendant guilty of either illegally selling or illegally possessing the drug. In his motion for new trial appellant did not bring to the court's attention by challenge or otherwise the court's ruling regarding the law of lesser included offenses, nor was any attack made on the jury's verdict because it found appellant guilty of a criminal offense with which he was not charged in the information. It is an accepted principle of law that errors occurring during the course of a criminal trial which are not assigned as grounds in support of a motion for new trial will not be reviewed on appeal unless the order or ruling constituting error was objected to at the time it was made.[8] The foregoing rule is subject to the recognized exception that an appellant court will consider fundamental error appearing *411 on the face of the record even though not assigned as a ground for motion for new trial.[9] Under the circumstances of this case we hold that appellant is estopped from contending that the jury's verdict finding him guilty of illegally possessing a hallucinogenic drug constitutes fundamental error. Due to the confused and uncertain state of the law heretofore existing concerning what crimes are necessarily lesser included offenses and when a crime may be considered as a lesser offense included in the greater offense charged in an accusatory pleading, both the trial judge as well as the parties may be excused for their misconception of the law applicable to the facts in this case. Had the action by the state attorney and the court been taken either without the participation and acquiescence of appellant or over his objection, the error would be one which would require reversal of the judgment of conviction and granting of a new trial. Since, however, the error was induced and brought about as a result of the active urging by appellant, the verdict should be sustained and the judgment affirmed. The error of which appellant now complains has never been brought to the trial court's attention, nor has a ruling ever been made thereon at the trial court level. It has long been the law of this state that a trial court will not be held in error because of anything occurring during the course of a criminal proceeding unless timely objection to the matter is made by the complaining party and an adverse ruling on the objection rendered by the court.[10]
We have considered the remaining points urged by appellant but find them to be without substantial merit. For the reasons and upon the authorities hereinabove cited, the judgment appealed is affirmed.
SPECTOR, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Brown v. State (Fla. 1968), 206 So.2d 377.
[2] State v. Smith (Fla. 1970), 240 So.2d 807.
[3] Goswick v. State (Fla. 1962), 143 So.2d 817.
[4] Parker v. State (Fla.App. 1970), 237 So.2d 253.
[5] 12 Fla.Jur. 432, 434, Estoppel and Waiver, § 51.
[6] 28 Am.Jur.2d 678-680, Estoppel and Waiver, § 59.
[7] Peppard v. Peppard (Fla.App. 1967), 198 So.2d 68, 69, 70.
[8] 5 Wharton's Criminal Law and Procedure 350, § 2157 (Anderson 1957); Custer v. State, 159 Fla. 574, 34 So.2d 100; Palmer v. State, 106 Fla. 237, 143 So. 126, 145 So. 69.
[9] 2 Fla.Jur. 421, Appeals, § 87; Rule 3.7, subd. i, F.A.R. 32 F.S.A.; Jones v. State (Fla.App. 1967), 200 So.2d 574.
[10] State v. Jones (Fla. 1967), 204 So.2d 515; Morgan v. State (Fla.App. 1964), 177 So.2d 60; Shea v. State (Fla.App. 1964), 167 So.2d 767.