294 So.2d 421 (1974)
Charles PRIESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1277.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Richard L. Jorandby, Public Defender, Kenneth L. Scherer, Asst. Public Defender, and H. Joseph McGuire, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant was charged under F.S. Section 810.02, F.S.A., with the crime of breaking and entering a building with intent to commit a felony therein, to-wit: grand larceny. The jury returned its verdict finding him guilty of grand larceny, for which offense appellant was adjudged guilty and sentenced.
On this appeal the sole point raised by appellant is that the evidence is insufficient to sustain a finding that the value of the property stolen was $100.00 or more, essential for a conviction of grand larceny under F.S. Section 811.021(2), F.S.A. Upon an examination of the record, we *422 conclude that the evidence was sufficient in this respect.
Appellant does not argue the matter, but we take note of the fact as fundamental error that he has been convicted of a crime with which he was not charged, and which is neither a lesser included offense, nor a lesser degree, of the crime charged. Appellant was charged with burglary, i.e., breaking and entering with intent to commit a felony, to-wit: grand larceny. He was convicted of larceny which is a separate and distinct offense and not a lesser included offense of the crime charged. State v. Conrad, Fla.App. 1971, 243 So.2d 174. On an identical factual situation the Second District Court of Appeal similarly held in the case of Ashley v. State of Florida, 292 So.2d 616, opinion filed April 3, 1974.
The jury's verdict acquitted him of burglary. The judgment is reversed with directions that appellant be discharged from the crime charged in the information.
Reversed.
WALDEN and CROSS, JJ., concur.