307 So.2d 197 (1975)
Steven D. CAUSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 74-275.
District Court of Appeal of Florida, Second District.
February 5, 1975.
James A. Gardner, Public Defender, Sarasota, and Richard W. Seymour, Asst. Public Defender, Bradenton, for appellant.
*198 Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with breaking and entering with intent to commit grand larceny. At the trial, the judge instructed the jury that he could be convicted of several crimes, including the crime of grand larceny. The appellant was found guilty of grand larceny.
Grand larceny is not a lesser included offense of the crime of breaking and entering with intent to commit grand larceny. Davis v. State, Fla.App.2d, 1969, 226 So.2d 257. The essential elements of the offense of grand larceny were not alleged in the information such that it could be said that grand larceny was included in the offense charged by virtue of the accusatory pleading. Brown v. State, Fla. 1968, 206 So.2d 377. Consequently, appellant was improperly convicted for an offense with which he was not charged. Perkins v. Mayo, Fla. 1957, 92 So.2d 641. While no objection was made to the giving of the charge, the error is fundamental. Johnson v. State, Fla.App.2d, 1969, 226 So.2d 884.
The cases of Lowman v. State, Fla.App. 4th, 1974, 303 So.2d 667, and Burns v. State, Fla.App.2d, 1974, 300 So.2d 317, cited by the State, involved pleas of nolo contendere and guilty and are inapplicable here. In essence, those pleas were equivalent to a mutually agreeable amendment of the accusatory writ.
Appellant cannot be retried for breaking and entering with intent to commit grand larceny, since in legal effect he has already been acquitted of that crime. Johnson v. State, supra; Hampton v. State, 1924, 98 Tex.Cr.R. 161, 265 S.W. 164. But cf. Greene v. City of Gulfport, Fla. 1958, 103 So.2d 115. However, nothing would prevent the State from seeking to convict appellant of grand larceny, subject to the requirement of bringing him to trial within ninety days pursuant to Rule 3.191(g), RCrP. Goodwin v. State, 1946, 157 Fla. 751, 26 So.2d 898.
Reversed.
HOBSON, Acting C.J., and BOARDMAN, J., concur.