326 So.2d 194 (1976)
Matthew FALSTREAU, Appellant,
v.
STATE of Florida, Appellee.
No. 74-871.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks and Craig Barnard, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant-defendant, Matthew Falstreau, was charged by indictment, in count one, with breaking and entering of a dwelling house with the intent to commit a felony, to-wit: rape, and in count two, with rape. Trial was by jury. At the conclusion of the evidence, the trial court instructed the jury with reference to count two of the indictment that they, the jury, could find the appellant guilty of aggravated assault, if the evidence so warranted, as such crime was a lesser included offense of the crime of rape. No objection to this instruction was made by appellant either at the time the instruction was given or any time thereafter. The jury returned its verdict finding appellant guilty of breaking and entering of a dwelling house with the intent to commit a felony, to-wit: rape, as alleged in count one of the indictment and aggravated assault as a lesser included offense of rape as alleged in count two of the indictment. The trial court then adjudged defendant guilty and sentenced him to a term of years in the state prison under count one of the indictment.
Defendant was also adjudged guilty under count two of the indictment. Imposition of sentence, however, was withheld under count two with the defendant placed on probation for a term of years. This appeal then followed.
Appellant now contends that it was fundamental error for the trial court to adjudge *195 him guilty of aggravated assault under count two of the indictment. We agree.
Upon proper proof a defendant may be convicted of the crime with which he was charged in the accusatory pleading. Rules 3.490 and 3.510 Fla.RCrP (1975) further provide that a defendant under a criminal charge may be convicted of any crime which is (1) a lesser degree of the crime charged, (2) an attempt to commit the crime charged, (3) necessarily included in the crime charged, or (4) included within the allegations of the accusatory pleading and shown by the proofs. A conviction of a crime with which the defendant was not charged and which does not fall within one of the four categories suggested by the abovementioned rules has been held to be fundamental error. Haley v. State, 315 So.2d 525 (Fla.App. 1975); O'Neal v. State, 308 So.2d 569 (Fla.App. 1975); Causey v. State, 307 So.2d 197 (Fla.App. 1975); Priester v. State, 294 So.2d 421 (Fla.App. 1974); Johnson v. State, 226 So.2d 884 (Fla.App. 1969).
Count two of the indictment in the instant case alleged that the defendant "... did unlawfully ravish and carnally know [the victim], a person of the age of more than eleven (11) years, by force and against her will in violation of Florida Statute 794.01." The crime for which the defendant was convicted was aggravated assault, i.e., assault with a deadly weapon. Clearly the crime of aggravated assault does not fall within the first three categories suggested by Rules 3.490 and 3.510, Fla.RCrP. With reference to the fourth category, an examination of the indictment as set forth above reveals that the elements of aggravated assault are not alleged therein. Therefore, we conclude that the trial court erred in adjudging the defendant guilty of aggravated assault and entering the order of probation under count two of the indictment.
As to the judgment and imposition of sentence under count one of the indictment, no error has been demonstrated.
Accordingly, the judgment and sentence entered under count one of the indictment, is affirmed.
The order of probation entered under count two of the indictment is vacated and set aside, and the cause remanded to the trial court with directions to discharge the defendant from count two of the indictment.
CROSS and DOWNEY, JJ., and SCHULZ, GEORGE E., Associate Judge, concur.