351 So.2d 382 (1977)
Issac Melvin WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1715.
District Court of Appeal of Florida, Fourth District.
November 1, 1977.
Richard L. Jorandby, Public Defender, Joseph R. Atterbury, Legal Intern, and James L. Eisenberg, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
*383 DAUKSCH, Judge.
Appellant, over eighteen years of age, was charged with the crime of attempted sexual battery upon a person eleven years of age or younger. Section 777.04(1) and Section 794.011(2), Florida Statutes (1975). At trial the State proved the person was older than eleven years and that she acted in a voluntary manner while the Defendant attempted a sexual act. In fact, she charged money for her participation. The trial court granted a Judgment of acquittal as to the crime charged but permitted, over objection, the trial to continue for the jury to determine whether the Defendant committed an attempted lewd assault as proscribed in Section 800.04, Florida Statutes (1975). The jury was unable to reach a verdict so a mistrial was declared. The Defendant was again brought to trial on the same indictment, attempted sexual battery upon a person under eleven, and the jury was given the case as a case of lewd assault. The Defendant was convicted of "handling & fondling a child under the age of 14 years in a lewd, lascivious or indecent manner." This is essentially the wording of Section 800.04, Florida Statutes (1975). It is commonly called lewd assault. According to DeLaine v. State, 262 So.2d 655 (Fla. 1972), lewd assault is not a necessarily lesser included offense.
Because lewd assault is not a necessarily lesser included offense then the court cannot charge the jury in regard to that crime unless the facts support such a charge and the accusatory pleading alleges all the elements of the lesser included offense. Brown v. State, 206 So.2d 377 (Fla. 1968). The accusatory pleading in the case at bar charges the Appellant "... did attempt to commit a Sexual Battery upon a person eleven (11) years of age or younger, ..." The requisite allegations under the Lewd Assault Statute, Section 800.04, Florida Statutes (1975), are not there. That the State chose to go with those allegations even after the mistrial and the evident lack of proof is a curious circumstance, indeed. The Judgment and Sentence are REVERSED.
ANSTEAD and MOORE, JJ., concur.