358 So.2d 37 (1978)
Charlie JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 77-911.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Rehearing Denied May 9, 1978.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief, App. Div., and *38 William H. Larkins, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant seeks reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of aggravated assault. Appellant's main contention is that he was convicted of a crime with which he was not charged in the information which alleged an aggravated battery by stating that appellant did:
"... unlawfully commit a battery upon Arthur Smith and in commission of said battery, did use a deadly weapon, to wit: a knife, in violation of Section 784.045(1)(b), Florida Statutes (1975)."
We agree that aggravated assault is not a necessarily included offense to a charge of aggravated battery. Under Brown v. State, 206 So.2d 377 (Fla. 1968) it is at best a "category four" included offense which requires the necessary allegata and probata before a jury instruction on aggravated assault would be proper. The giving of such instruction, as was done in the case sub judice, would constitute reversible error unless appellant is estopped from raising such error by having waived his right to do so through his actions in the trial court. See McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971); see also, Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975).
For reasons unknown to us, appellant specifically requested that the record of the charge conference not be transcribed. We are, therefore, unable to determine whether or not appellant requested a charge on aggravated assault. We are aware, however, that appellant made no objection to the court's giving of such charge and, in fact, in his final argument urged the jury to consider aggravated assault as one of the lesser included offenses. Neither did appellant assign the giving of such charge as error in his motion for a new trial or his assignments of error filed with the lower court. As Judge Wigginton stated in McPhee, supra:
"Can it be said that the acquiescence by both the state attorney and the trial court in the position taken by appellant at the trial with respect to the law applicable to the case constituted such fundamental error as to render the jury's verdict and the court's judgment thereon void and of no effect?"
We think not, where such error was induced by the appellant.
Estoppel has a long history of applicability in varied factual situations. The principle is embodied in the interpretations of F.A.R. 6.7(g) which precludes one from claiming reversible error when the trial court's ruling is accepted without objection.[1]
In McPhee, supra, appellant was estopped from claiming reversible error where appellant erroneously induced the court into charging the jury on possession of an hallucinogenic drug which was not a lesser included offense of the information charging the appellant with sale of an hallucinogenic drug. On remand from the Supreme Court, the appellant in Rayner v. State, 286 So.2d 604 (Fla. 2d DCA 1973) failed to object to the court's failure to instruct on any lesser included offenses (in fact, requested the court not to so instruct), and was held to have waived his right to complain. In cases where an appellant has entered pleas to "lesser included offenses" not supported by the allegations contained in the information, it has been held that the court has jurisdiction to convict on the basis of such pleas and the appellants are estopped from assigning as error that which they induced. Lowman v. State, 303 So.2d 667 (Fla. 4th DCA 1974); Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976).
As has been noted, the appellant here made no objection to the court's giving the jury an instruction on aggravated assault. Appellant urged the jury to give consideration to aggravated assault as a lesser included *39 offense, and the court instructed the jury on all of the elements of aggravated assault, including the element of a well founded fear in the mind of the victim. This charge was supported by the evidence. As in Andrews, supra, where the information failed to allege the use of a deadly weapon and appellant was convicted of aggravated assault, we find the error in the case sub judice to be harmless rather than fundamental in that appellant cannot take advantage on appeal of an error which he himself induced. See Judge Wigginton's very able opinion in McPhee, supra.
Accordingly, the judgment of conviction and sentence appealed from is AFFIRMED.
ALDERMAN, C.J., and DAUKSCH, J., concur.
NOTES
[1] Alford v. State, 280 So.2d 479 (Fla. 3d DCA 1973).