PER CURIAM.
The plaintiff, Jose A. Munoz, appeals a final judgment entered pursuant to a jury verdict. Munoz claimed he had coverage for an automobile accident under a policy with the defendant, The Travelers Indemnity Company. The issue tried was whether or not Munoz had complied with an offer to reinstate the policy by depositing in the mails a check for the premium prior to the date the offer would expire.
There is no contention that the policy was not properly cancelled for non-payment of premium and the record reveals that there was evidence before the jury upon which it did find that Munoz had not complied with the offer to reinstate by paying the premium prior to the expiration date of the offer.[1] We hold that appellant’s reliance *31 upon the rule stated in Morrison v. Thoelke, 155 So.2d 889 (Fla. 2d DCA 1963),[2] is not well placed in view of the fact that it appears from evidence relied upon by the jury that the act to be accomplished was not the mailing of the letter, but rather the actual payment of the money for the premium.
Affirmed.

. The portion of the letter relied upon as the offer for reinstatement provided: “Also at this time, Jose Munoz policy is still pending cancellation for non-payment of premium. If not paid by May 13, 1975, this claim will be denied as no coverage.”

. In Morrison v. Thoelke, the Court quoted from Corbin, stating:
* * * * * *
“ ‘Unless it is clearly otherwise agreed, the mailing of a letter is not a sufficient notice to quit a tenancy, it is not actual payment of money that is inclosed, it does not transfer title to a check or other document; it will not ordinarily be sufficient notice required by a contract as a condition precedent to some contractual duty of immediate performance.’ ” [emphasis added]