362 So.2d 730 (1978)
Odell Aaron HICKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1117.
District Court of Appeal of Florida, Third District.
October 2, 1978.
*731 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HAVERFIELD, C.J.,[*] and PEARSON and KEHOE, JJ.

OPINION ON REHEARING
KEHOE, Judge.
On June 19, 1978, by order of this court, we granted appellant's and appellee's petitions for a rehearing in regard to our previous opinion in this cause filed May 16, 1978. Upon re-argument of the cause, we now withdraw our opinion in Hicks v. State, Case No. 77-1117 (Fla. 3d DCA, opinion filed May 16, 1978), and enter the following opinion:
Appellant, Odell Aaron Hicks, was found guilty by a jury of "... Involuntary Sexual Battery, threatening to use actual physical force likely to cause serious personal injury," and was sentenced to thirty years imprisonment. This appeal is from the judgment and sentence.
Appellant's first point questions the correctness of the trial court's order finding him competent to stand trial. Our review of this record convinces us that the evidence fully supports the trial judge's decision. See Julious v. State, 271 So.2d 807 (Fla.3d DCA 1973). See also Brown v. State, 245 So.2d 68 (Fla. 1971).
The second point presented urges error upon the court's denial of appellant's motion for a mistrial because a witness made a reference to the possibility that there was another victim. This revelation occurred upon appellant's cross-examination of the victim and the record clearly shows that the answer could have been anticipated by the defendant and was, in fact, invited by him. Cf. Sullivan v. State, 303 So.2d 632 (Fla. 1974). Further, the trial court recognized the impropriety of the answer and tendered a curative instruction which the appellant refused. We hold that the trial court properly denied the motion for mistrial.
Appellant's third point urges error upon an order of the trial court denying his motion to reduce the charge against him to involuntary sexual battery with the use of force not likely to cause serious bodily injury. This point requires a review of the evidence to determine whether there was sufficient evidence to go to the jury upon the charge of involuntary sexual battery with the use of force likely to cause serious bodily injury (the crime with which defendant was charged). The victim, a sick fifty-year-old woman, was first hit from behind to cause her to fall to her knees. She tried to run, but when she failed to escape, appellant said, "Now, I'm really going to beat you up." There was also evidence that she was hit again and suffered a split lip. We hold that the evidence was sufficient to present a jury question of whether the force used was likely to cause serious bodily injury. See Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975); and Brown v. State, 294 So.2d 128 (Fla. 3d DCA 1974).
Appellant's fourth point urges that the trial court committed reversible error when it denied his request for an instruction on the lesser included offense of assault. In light of the Supreme Court of Florida's recent decision in State v. Abreau, 363 So.2d 1063 (Fla. 1978), we hold that the point is without merit.
Appellant for his fifth point on appeal contends that he was convicted of an offense not charged in the information. *732 The information charged in this case charges appellant with an involuntary sexual battery as proscribed by Section 794.011(3), Florida Statutes (1975), which provides that:
"A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony."
The information filed in this case reads in part as follows:
"... Odell Aaron Hicks ... did unlawfully and feloniously commit sexual battery upon [victim's name omitted], a person over the age of eleven (11) years, by inserting his penis into her vagina without her consent, and in the process thereof used actual physical force likely to cause serious personal injury ..." [Emphasis added.]
Appellee requested that the trial court instruct the jury upon sexual battery pursuant to Section 794.011(4)(b), Florida Statutes (1975), which provides that:
"(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, under any of the following circumstances shall be guilty of a felony of the first degree ...:
(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats." [Emphasis added.]
The trial court gave this requested instruction over the objection of appellant.
Subsequently, the jury returned a verdict finding appellant guilty as follows:
"We, the jury, at Miami, Dade County, Florida, this 12th day of April A.D. 1977, find the defendant, Odell Aaron Hicks, as to Involuntary Sexual Battery, threatening to use actual physical force likely to cause serious personal injury:

Guilty." [Emphasis added.]
Thus, appellant was actually convicted of the offense of involuntary sexual battery with the use of threats of actual physical force likely to cause serious personal injury. These facts give rise to the question of whether the offense for which appellant was convicted was a lesser included offense of the offense with which he was actually charged in the information.
In the landmark decision of Brown v. State, 206 So.2d 377 (Fla. 1968), the Supreme Court of Florida recognized four separate categories under which instructions on lesser included offenses should be given.
"(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence." Id. at 381.
In the instant case, appellee does not contend that a category two or three lesser included offense is involved. Further, appellee concedes that, because the information does not allege the use of threats, but merely relies upon the actual use of force, the use of threats under the facts of this case is not a category four lesser included offense. However, appellee does contend that Section 794.011, Florida Statutes (1975), is a degree crime, i.e., under category one of Brown.
Appellee cites no authority in support of this contention. Further, the Florida Legislature has not designated Section 794.011 as a degree crime. Additionally, our independent research has not revealed any basis upon which Section 794.011 could be so interpreted. Therefore, the conviction of appellant in this case, upon the offense of involuntary sexual battery with the use of threats of force of serious personal injury, constitutes a conviction for a crime not *733 charged; accordingly, for that reason, we reverse. See Minor v. State, 359 So.2d 30 (Fla. 2d DCA 1976); Falstreau v. State, 326 So.2d 194 (Fla. 4th DCA 1976); and Priester v. State, 294 So.2d 421 (Fla. 4th DCA 1974).
As stated above, appellant's point one, two, three, and four on appeal are affirmed. However, in regard to appellant's fifth point on appeal, because of the improper instructions to the jury in regard to offense with which appellant was charged in the information, we reverse the judgment and sentence appealed and remand the cause for a new trial.
Reversed and remanded for a new trial.
NOTES
[*] HAVERFIELD, C.J., participated in the decision in this case but did not hear oral argument.