374 So.2d 1002 (1979)
John Hunter RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1290.
District Court of Appeal of Florida, Second District.
July 6, 1979.
Rehearing Denied September 14, 1979.
Dennis J. Plews of Law Offices of Robert H. Schultz, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant was charged under § 794.011(5), Fla. Stat. (1975) with sexual battery upon a person over the age of eleven without her consent and in the process thereof using physical force and violence not likely to cause serious personal injury. The jury found the appellant guilty of committing a lewd and lascivious act as proscribed by § 800.04, Fla. Stat. (1975) and judgment and sentence were entered thereon. We affirm.
There being no court reporter present or other record made at certain critical points in the trial, this court ordered the record reconstructed with reference to the charge conference, the opening statements and closing argument. Specifically, this court wanted to know what occurred at these unrecorded points in the trial, if anything, as to the request, objection, discussion and conclusion as to the instruction on the offense of committing a lewd and lascivious act.
The reconstruction may be summarized as follows:
(1) The defense attorney  very capable and experienced  fails to admit or deny that he requested the lesser included charge on lewd and lascivious act. He merely states that the court announced that the charge would be given; that neither counsel made any comment or objection; that the charge was, in fact, given and again there was no objection; and, finally, that it was not commented on in closing argument by either the prosecution or the defense.
(2) The state agrees with the defense except to add that it considers it unlikely that the charge was not discussed.
(3) The trial judge adds that she never gave any "lesser included" charge except upon request of either the defense or the state; that she could not recall which *1003 party made the request for the charge in question herein; and finally, that it was not given on the court's own motion or initiative.
The lack of a complete record, even as reconstructed, leaves this court without any way of determining whether the state or the defense requested the troublesome lewd and lascivious act charge. All we learn from this is that the trial judge received a request for the charge from one of the parties but neither counsel admits or denies requesting it, nor can swear the other party did.
Under other circumstances certain of our sister courts have held waiver or estoppel can and should apply.
In Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978) the facts were similar to those in the instant case. In Jones, the information charged aggravated battery. Instructions were improperly given on aggravated assault as a lesser included offense. There was no record of the charge conference and the court was, therefore, unable to determine whether or not appellant requested a charge on aggravated assault. The court noted that appellant made no objection to the court's giving of the charge and, in fact, made reference thereto in final argument. The court held that:
The giving of such instruction ... would constitute reversible error unless appellant is estopped from raising such error by having waived his right to do so through his actions in the trial court.
358 So.2d at 38. Applying this rule to the facts, the court held that error in instructing on aggravated assault was harmless rather than fundamental. The court also suggested that the appellant could not take advantage on appeal of error which he himself induced.
In reaching this holding the court relied on (1) the appellant's failure to object and, (2) appellant's use of the charge in closing argument.
Although here both parties agree that no reference was made to the charge in final argument scrutiny of the entire record persuades us that the appellant is estopped from claiming error on this appeal. Appellant could and should have lodged an objection at several stages, i.e., during or at the conclusion of the charge conference; at the bench conference at the conclusion of the charge where he did register an objection to another charge; when the jury returned for a rereading of the charge; or certainly in or at the time of his motion for new trial. We think error was invited  if not actually induced  and the defendant has waived or is estopped to claim error for the first time on this appeal.
Further authority for our holding is provided by the First District Court of Appeal's holding in McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971). There, the attorney for appellant mistakenly requested the erroneous charge. The court held:
[A]ppellant made no objection to the instructions given by the court to the jury that the offense of illegally possessing the drug in question was necessarily included in the offense of selling that drug as charged in the information. Likewise, no objection was made to the court's instruction which charged the jury that they might find the defendant guilty of either illegally selling or illegally possessing the drug. In his motion for new trial appellant did not bring to the court's attention by challenge or otherwise the court's ruling regarding the law of lesser included offenses, nor was any attack made on the jury's verdict because it found appellant guilty of a criminal offense with which he was not charged in the information. It is an accepted principle of law that errors occurring during the course of a criminal trial which are not assigned as grounds in support of a motion for new trial will not be reviewed on appeal unless the order or ruling constituting error was objected to at the time it was made.
254 So.2d at 410. The court further noted:
Had the action by the state attorney and the court been taken either without the participation and acquiescence of appellant or over his objection, the error would *1004 be one which would require reversal of the judgment of conviction and granting of a new trial. Since, however, the error was induced and brought about as a result of the active urging by appellant, the verdict should be sustained and the judgment affirmed. [Emphasis supplied.]
254 So.2d at 411.
Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975) is not to the contrary. While fundamental error, if it is, does not require an objection for error to be raised on appeal, we do not think Causey stands for the proposition that an accused can never waive or be estopped to raise such an error.
AFFIRMED.
HOBSON, J., concur.
GRIMES, C.J., dissents with opinion.
GRIMES, Chief Judge, dissenting.
The appellant was charged under Section 794.011(5), Florida Statutes (1975), with sexual battery upon a person over the age of eleven without her consent and in the process thereof using physical force and violence not likely to cause serious personal injury. He was convicted of committing a lewd and lascivious act as proscribed by Section 800.04, Florida Statutes (1975). The commission of a lewd and lascivious act is not a category three necessarily lesser included offense of sexual battery. Walker v. State, 351 So.2d 382 (Fla. 4th DCA 1977). The crime of which the appellant was convicted was not a category four lesser included offense because the information contained no allegation that the person upon whom the battery was inflicted was under the age of fourteen years as specified in Section 800.04. Consequently, we start with the proposition that the appellant was convicted of an offense with which he was not charged.
The question then raised is whether the appellant is in a position to complain. His attorney made no objection when the court instructed the jury that it could find him guilty of committing a lewd and lascivious act. However, it is fundamental error to convict a person of an offense with which he is not charged. Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975). This is not a case where the defendant is estopped from claiming reversible error because his attorney requested the erroneous charge. See McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971). Likewise, we are not dealing with a situation in which the defendant has entered a plea to a "lesser included offense" not supported by the allegations contained in the information. See Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976).
The case of Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978), is not quite the same as the instant case. There, the court held that where the defendant's attorney urged the jury to give consideration to aggravated assault as a lesser included offense of aggravated battery, he could not later complain that his conviction for aggravated assault was not a lesser included offense of the crime charged. While there was no showing that the defendant had requested a charge on aggravated assault, the court reasoned that the defendant's lack of objection coupled with his argument to the jury had the effect of inducing the error.
In the instant case, no reference was made in closing argument to the charge of lewd and lascivious conduct. We are simply left with the fact that no objection was made to the charge. Yet, if it is fundamental error to convict a person of a crime with which he is not charged, the lack of an objection is irrelevant. Given the fact that the appellant was convicted of a crime with which he was not charged, I think it appropriate to place the burden upon the state to demonstrate that his attorney requested the charge and thereby induced error rather than to require the appellant to prove that his attorney did not request the charge.
I respectfully dissent.