375 So.2d 864 (1979)
David Alphonso SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1598.
District Court of Appeal of Florida, Third District.
October 9, 1979.
*865 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Smith was charged with attempted sexual battery with the use of a deadly weapon and armed robbery. The jury found him guilty of attempted sexual battery with the use of physical force not likely to cause serious personal injury and robbery with a weapon, as lesser included offenses of the respective crimes charged. None of the three issues raised in this appeal from the convictions and sentences for those crimes has merit.
The appellant first contends, citing Harris v. State, 338 So.2d 880 (Fla. 3d DCA 1976) that the sexual battery charge of which he was convicted, which is proscribed by Section 794.011(5), Fla. Stat. (1975), is not a lesser included offense of the one charged in the information, as defined by Section 794.011(3), Fla. Stat. (1975). The record shows, however, that defense counsel not only did not object, but affirmatively subscribed to the court's instructing the jury on the offense in question. The appellant is therefore precluded from now contending that he was improperly convicted of a crime not charged in the information. Odom v. State, 375 So.2d 1079 (Fla. 1st DCA 1979); Ray v. State, 374 So.2d 1002 (Fla. 2d DCA 1979); Lumia v. State, 372 So.2d 525 (Fla. 4th DCA 1979); Thompson v. State, 368 So.2d 670 (Fla. 3d DCA 1979); Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978), cert. denied, 364 So.2d 887 (Fla. 1978); Smith v. State, 344 So.2d 905 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 678 (Fla. 1977); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).
Smith next complains of the trial court's refusal to give, in addition to the standard jury instructions, a specific jury charge on the issue of identity. For the reasons well stated by Judge Moore, dissenting from the denial of rehearing in Freeman v. State, 371 So.2d 114 (Fla. 4th DCA 1979), we adhere to our holdings in Cruz v. State, 310 So.2d 360 (Fla. 3d DCA 1975) and Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971) that no such instruction is necessary or required. See also Nelson v. State, 362 So.2d 1017, 1022 (Fla. 3d DCA 1978), and cases cited.
Finally, we reject the defendant's contention that the trial judge committed fundamental error in giving, without objection, the standard jury instruction on the definition of robbery, No. 2.07, without also inserting the requirement of a specific intent to deprive the possessor of his property. Bell v. State, 354 So.2d 1266 (Fla. 3d DCA 1978), establishes that no such requirement exists under the present definition of the crime of robbery as contained in Sec. 812.13, Fla. Stat. (1975). See also DeCastro v. State, 360 So.2d 474 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1365 (1979).[1]
Affirmed.
NOTES
[1] It is not necessary to decide whether, even were the rule otherwise, the omission would constitute fundamental error which may be considered notwithstanding the lack of objection below. But see Castor v. State, 365 So.2d 701 (Fla. 1978); Simpkin v. State, 363 So.2d 45 (Fla. 3d DCA 1978).