GRIMES, Chief Judge,
concurring specially.
I concur in the result that the court has reached.
The following side-bar conference which took place at the time of closing argument is most revealing:
THE COURT: On the verdict forms I goofed up when we were in chambers having our discussion. The lesser included is not with a weapon. The lesser included is by threatening to use force or violence likely to cause great bodily harm. In other words, we were discussing with a weapon and without a firearm or with a weapon. What the statute says is with a firearm which would be as charged. And then the lesser would be by threatening to use force or violence likely to cause serious personal injury. In other words, that is a first degree felony as opposed to a life felony but I wanted to mention it to you because that is what the statute states, as well as the instruction.
Obviously the verdict forms should comply with what the law is.
MS. HOFFENBERG: In other words you are not going to submit the force and violence?
THE COURT: Yes, I am. In other words, it will be as charged and then with force and violence and then the other lesser included. There will be two involuntary sexual battery charges, one with a weapon, one by force or violence.
MS. HOFFENBERG: The only thing I have a problem with there is no force or violence alleged in the information at all, nothing about force or violence. There is no allegation in other words to support coming back with a verdict like that. I think we stated in chambers it would be a deadly weapon and use of a weapon.
MR. BERGMAN: Your Honor, I would love to have that but as a precaution I would just as soon not have it. We have alleged that the basis for the rape was that she consented as a result of fear and the fear not being through force or violence. But rather we have alleged specifically through threatening with a deadly weapon. I am afraid of that.
THE COURT: So you think we were right the first time without a weapon or with a weapon?
MR. BERGMAN: Yes, Your Honor. I wouldn’t want to take a chance on it. I think it seems to come logically together.
THE COURT: Back to the drawing board as it was with a weapon as included.
Ironically, we are now considering judicial error, even though the court followed the procedure requested by both appellant’s counsel and the state attorney.
With respect to appellant’s contention that he was convicted of a nonexistent crime, it is evident that everyone involved treated threatening to use a weapon to commit sexual battery as being tantamount to threatening to use force and violence likely to cause serious personal injury. Moreover, because appellant’s counsel in *1123 sisted on the threatening to use a weapon charge, appellant cannot now complain that the crime proscribed by Section 794.-011(4)(b), Florida Statutes (1977), may not be a lesser included offense under the crime charged in Count II. Ray v. State, 374 So.2d 1002 (Fla. 2d DCA 1979); Jones v. State, 358 So.2d 37 (Fla. 4th DCA 1978). Substantial justice was obtained through the verdict, and appellant cannot point to harmful error.