ANSTEAD, Judge,
dissenting:
The record reveals that the defendant was charged with possessing a weapon in her neighbor’s yard. At trial the defendant claimed that she was in her own yard at all times but admitted that she had a weapon which she had taken away from her father earlier in the day and brought to her home.
In final argument the state argued that since defendant admitted carrying the concealed weapon from her father’s home to her own home, she had admitted the crime and the jury no longer had to worry about the dispute as to whether the defendant was on her own or her neighbor’s property. The tri^l court overruled objections to this argument and further refused to charge the jury that the state was limited to proving that the offense took place at the particular *789 location set out in the state’s statement of particulars.
It is true that the statement of particulars described the location as being “at or near” the neighbor’s property. However, under the instructions given and the argument of the prosecutor, the jury could have convicted the appellant for possessing the weapon away from the vicinity of her neighbor’s house, clearly not a crime for which she was charged and tried. See generally Hicks v. State, 362 So.2d 730 (Fla.3d DCA 1978); Stevens v. State, 351 So.2d 1077 (Fla.3d DCA 1977); Falstreau v. State, 326 So.2d 194 (Fla.3d DCA 1976); Fitzgerald v. State, 227 So.2d 45 (Fla.3d DCA 1969). I think it was error to refuse an instruction on the statement of particulars and I would reverse and remand for a new trial.