403 So.2d 956 (1981)
John Hunter RAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 57795.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied October 9, 1981.
*958 Lawrence E. Staab and David Paul Montgomery of Staab & Montgomery, Bradenton, for petitioner.
Jim Smith, Atty. Gen., and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
We have accepted jurisdiction to resolve conflict created by Ray v. State, 374 So.2d 1002 (Fla.2d DCA 1979), and Causey v. State, 307 So.2d 197 (Fla.2d DCA 1975). Art. V, § 3(b)(3), Fla. Const. (1972). The issue to be determined is whether a defendant convicted of a crime for which he was not charged, but which was submitted to the jury as a lesser included offense when in fact it was not, may challenge that conviction when he failed to object to the submission of that crime to the jury. We quash the instant decision.
Under section 794.011(5), Florida Statutes (1975),[1] an information alleged that Ray "did commit a sexual battery upon ..., a person over the age of eleven, without her consent, and in the process thereof used physical force and violence not likely to cause serious personal injury." Besides instructing on sexual battery, the trial court also instructed the jury on committing a lewd and lascivious act as a lesser included offense of sexual battery. The jury convicted Ray of lewd assault as proscribed by section 800.04, Florida Statutes (1975).[2]
Two days after the jury rendered its verdict, Ray filed motions for a new trial and to arrest judgment. As grounds for relief, these motions alleged that Ray was convicted of an offense not charged because lewd assault is not a lesser included offense of sexual battery. The trial court denied both motions, and Ray appealed his conviction and sentence to the district court. That court affirmed the conviction.
An incomplete record was presented to the district court. Specifically, the charge conference had not been recorded. Trying to fill this gap, the court ordered a reconstruction of the conference. In response, defense counsel neither admitted nor denied requesting the lewd and lascivious charge and stated that, upon the court's announcement that the charge would be given, neither counsel objected to or commented on the charge at any time. The prosecutor agreed with this statement, but considered it unlikely that the charge was not discussed. The judge responded that at the time of Ray's trial she never charged on a lesser included offense unless requested to do so by one of the parties.
The lack of a complete record, even as reconstructed, placed the Second District in the unenviable position of having to guess at what occurred during the charge conference.[3] After scrutinizing the record as reconstructed, the court found that Ray could, and should, have objected to the improper *959 instruction at several points in the proceedings. Concluding that any "error was invited  if not induced," the district court held that he had waived any error or else was estopped to claim error for the first time on appeal. 374 So.2d at 1003.
To dispose of this case, we must first determine whether committing a lewd and lascivious act on a minor under the age of fourteen is a lesser included offense of sexual battery of a person over the age of eleven. In Brown v. State, 206 So.2d 377 (Fla. 1968), this Court identified four categories of lesser included offenses. Committing a lewd and lascivious act is not a necessarily lesser included (type 3) offense of sexual battery. Walker v. State, 351 So.2d 382 (Fla. 4th DCA 1977). Nor is it a category 4 lesser included offense in the instant case because the information did not contain all the elements specified in section 800.04. See id.; Brown. It is also not "lesser" because both section 794.011(5) and section 800.04 are second-degree felonies. Thus, Ray was convicted of a crime for which he was not charged and which was not a permissible lesser included offense of the crime for which he was charged.
Ray claims that convicting him of a crime not charged constitutes fundamental error which is per se reversible. To support this claim, Ray relies on Minor v. State, 329 So.2d 30 (Fla.2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla.2d DCA 1975); O'Neal v. State, 308 So.2d 569 (Fla.2d DCA), overruled in Roberts v. State, 320 So.2d 832 (Fla.2d DCA 1975); Causey v. State, 307 So.2d 197 (Fla.2d DCA 1975); and Johnson v. State, 226 So.2d 884 (Fla.2d DCA 1969). In these cases, the Second District found that erroneous instructions on lesser included offenses, are indeed, fundamental error.
These Second District cases are unanimous in characterizing faulty instructions on lesser included offenses as fundamental error regardless of the defendant's failure to object.[4] The Fourth District Court of Appeal reached the same conclusion in Falstreau v. State, 326 So.2d 194 (Fla. 4th DCA 1976), and Priester v. State, 294 So.2d 421 (Fla. 4th DCA 1974). All of these cases speak of fundamental error; in other cases, erroneous lesser included instructions have been found to be reversible, but not fundamental, error. See Smith v. State, 365 So.2d 405 (Fla.3d DCA 1978); Hicks v. State, 362 So.2d 730 (Fla.2d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979); Walker v. State, 351 So.2d 382 (Fla.4th DCA 1977); Evanco v. State, 318 So.2d 535 (Fla.1st DCA 1975). In all of the cases finding that an erroneous instruction produced a conviction for a crime not charged, only one (Hicks) says that the defendant objected to the charge; the rest are silent on that point.
The district court cases do not explain why convictions based on erroneous instructions are fundamental error. Our own investigation has yielded the following information.
As stated by the United States Supreme Court:
No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.
Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948). The Court went on to comment that:
It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.
Id. As support for this statement, the Court cited De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937), wherein the Court had previously stated *960 that "[c]onviction upon a charge not made would be a sheer denial of due process." Id. at 362, 57 S.Ct. at 259.
This Court has reached the same conclusion.
The Constitution guarantees to every accused person .. . the right to know "the nature and cause of the accusation against him," and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.
Penny v. State, 140 Fla. 155, 162, 191 So. 190, 193 (1939). Accord, Perkins v. Mayo, 92 So.2d 641 (Fla. 1957). This Court has indicated that for error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process. Castor v. State, 365 So.2d 701, 704 n. 7 (Fla. 1978). See State v. Smith, 240 So.2d 807 (Fla. 1970). Thus, we are really dealing with denial of due process.
The main benefit to a defendant of having a procedural defect declared fundamental error is that such error can be considered on appeal even though not objected to in the lower court. The doctrine of fundamental error thus is an exception to the contemporaneous objection rule as set out in Florida Rule of Criminal Procedure 3.390(d). This Court has long applied rule 3.390(d) and its statutory predecessors to bar the appeal of instructions not objected to at trial. See Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942). Most recently, this Court applied the contemporaneous objection rule to the failure to object to instructions in Castor v. State. In Castor we commented that the
requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of the judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.
365 So.2d at 703. See Clark v. State, 363 So.2d 331 (Fla. 1978); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
This Court has previously refused to adopt an absolute rule that would allow a defendant to object for the first time on appeal. Clark. We refuse to do so in this instance as well. Fundamental error has been defined as "error which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The appellate courts, however, have been cautioned to exercise their discretion concerning fundamental error "very guardedly." Id. We agree with Judge Hubbart's observation that the doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Porter v. State, 356 So.2d 1268 (Fla.3d DCA) (Hubbart, J., dissenting), remanded, 364 So.2d 892 (Fla. 1978), rev'd. on remand, 367 So.2d 705 (Fla.3d DCA 1979).
An accused, as is required of the state, must comply with established rules of procedure designed to assure both fairness and reliability in the ascertainment of guilt and innocence. The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial. "It is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal." Sullivan v. State, 303 So.2d 632, 635 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976).
Contrary to the cases that Ray relies on, the district courts have also found that instructing on a crime not charged does not necessarily constitute reversible error. Achin v. State, 387 So.2d 375 (Fla.4th DCA 1980); Wilson v. State, 383 So.2d 670 (Fla.5th DCA 1980); Carter v. State, 380 So.2d 541 *961 (Fla.5th DCA 1980); Odom v. State, 375 So.2d 1079 (Fla.1st DCA 1979), cert. denied, 386 So.2d 640 (Fla. 1980); Smith v. State, 375 So.2d 864 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980); Ray v. State, 374 So.2d 1002 (Fla.2d DCA 1979); Lumia v. State, 372 So.2d 525 (Fla.4th DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980); Thompson v. State, 368 So.2d 670 (Fla.3d DCA 1979); Jones v. State, 358 So.2d 37 (Fla.4th DCA), cert. denied, 364 So.2d 887 (Fla. 1978); McPhee v. State, 254 So.2d 406 (Fla.1st DCA 1971). These cases have supported convictions based on crimes not specifically charged because of invited error, waiver, and/or estoppel.
In most of these cases, the failure to object has been coupled with affirmative acts either seeking or acquiescing in the erroneous instructions. Ray contends that these cases do not apply to the instant situation because the record is totally silent as to whether Ray's counsel requested or depended on the instruction at issue. He therefore claims that, even if fundamental error can be waived, no waiver has been shown here.
We agree that no waiver has been shown in the instant case. The two crimes instructed on by the trial court are both second-degree felonies, and lewd assault is not a permissible lesser included offense of sexual battery. On these facts, silence alone is not sufficient to demonstrate a waiver.
If Ray's counsel had requested the improper instruction, or had affirmatively relied on that charge as evidenced by argument to the jury or other affirmative action, we could uphold a finding of waiver absent an objection because constitutional error might not be fundamental error[5] and because even constitutional rights can be waived if not timely presented.[6] At trial, objecting to erroneous instructions is the responsibility of a defendant's attorney, and the attorney's failure to object to such instructions can properly constitute a waiver of any defects. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring). If the instant complained-of instruction had been a permissible lesser included offense, i.e., a crime of lesser degree or one subject to a lesser penalty or had been includable under category 3 or 4 of Brown,[7] the district court would have been correct in affirming the conviction.
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so[8] if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction. These conditions have not been met in the instant case, and the district court opinion is quashed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ENGLAND, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion with which BOYD, J., concurs.
ALDERMAN, Justice, concurring in part, dissenting in part.
I agree with that part of the majority opinion which holds that it is not fundamental *962 error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object, if the improperly charged offense is lesser in degree or penalty than the main offense. But I disagree with the majority's limitation of this rule to situations where the improperly charged offense is lesser in degree and penalty than the main offense.
This Court has made it clear by rule and by decision that in order to preserve for appeal the issue of the giving of or failure to give an instruction, the defendant must make a timely objection. Florida Rule of Criminal Procedure 3.390(d); Castor v. State, 365 So.2d 701 (Fla. 1978). The obligation of a defendant to object is not obviated by the fact that the offense improperly charged upon is equivalent in penalty to the offense for which he is charged. The reconstructed record before us demonstrates that Ray did not object to the presently contested instruction, and the district court, therefore, properly determined that Ray is estopped from raising this point for the first time on appeal. By his silence, he has effectually consented to the amendment of the charges against him to conform to the evidence and to include the additional charge of lewd and lascivious conduct. He has not been denied due process because, by his failure to object, he has waived the procedural right of prior notice of the specific charge. The conviction in this case came to the appellate court with a presumption of correctness. The burden was on the defendant to show that he timely objected to what would have been reversible error on the part of the trial court. The defendant has failed to meet this burden, and his conviction should be affirmed.
BOYD, J., concurs.
NOTES
[1] § 794.011(5) provides that:

A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] § 800.04 reads as follows:

Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit involuntary sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
[3] Care should be taken to preserve the record of all action taken at charge conferences. This includes the designation of requested charges, all objections to the giving or denial of charges, and the identity of the complaining party.
[4] Fla.R.Crim.P. 3.390(d) provides, in part, that:

No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection.
[5] Clark v. State, 363 So.2d 331 (Fla. 1978).
[6] Id.; Rubin v. State, 368 So.2d 69 (Fla.3d DCA 1979).
[7] In re Standard Jury Instructions (Criminal Cases), No. 58,799 (Fla. April 16, 1981), contains, as an appendix, a schedule of lesser included offenses. This schedule is presumptively correct and complete, and the Court expects that using the schedule will lessen the confusion surrounding lesser included offenses.
[8] Failing to object to improper instructions is thus analogous to failing to object to faulty informations; both failures will result in waiver. See Tracey v. State, 130 So.2d 605 (Fla. 1961); Haselden v. State, 386 So.2d 624 (Fla.4th DCA 1980).